# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CARRINGTON MORTGAGE )<br>SERVICES, LLC; WILMINGTON )<br>SAVINGS FUND SOCIETY, FSB AS )<br>TRUSTEE OF STANWICH )<br>MORTGAGE LOAN TRUST H, )<br>)<br>    Defendants. )<br>_____ | CIVIL ACTION NO.<br><br>_____ |

## NOTICE OF REMOVAL

Defendants Carrington Mortgage Services, LLC ("Carrington") and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H ("Wilmington") (collectively, "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and as otherwise provided by law, give notice of their removal of this action from the State Court of Henry County, State of Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division. By making the statements and allegations contained herein, Carrington and Wilmington in no way concede that Plaintiff Ricky R. Franklin ("Plaintiff") is entitled to any

recovery. The following statements and allegations concern the Court's removal jurisdiction only:

1.

This action was commenced October 13, 2020, by the filing of an original Complaint for Slander of Title, Declaratory Relief and Damages in the State Court of Henry County. (A true and correct copy of the Complaint is attached hereto as **Exhibit "1"**). Service of Process was made on both Carrington and Wilmington on October 16, 2020. (True and correct copies of the Affidavits of Service as to Carrington and Wilmington are attached hereto **as Exhibits "2"** and **"3"**, respectively.)

2.

Title 28 U.S.C. § 1441(a) authorizes the removal of civil actions from a state court to federal district court provided that the federal district court to which the action is removed has original subject matter jurisdiction over the action.

3.

Title 28 U.S.C. § 1332(a) gives federal courts original jurisdiction over all civil actions where the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4.

Pursuant to the "Wherefore clause" following paragraph 50 of the Complaint, Plaintiff is seeking damages in the amount of at least $111,046.00. *See* (Complaint, pg. 18).

5.

Upon information and belief, Plaintiff is, and at the time of the commencement of this action was, a resident of the State of Georgia. *See* (*id.*, at ¶ 6).

6.

For purposes of 28 U.S.C. §§ 1332 and 1441, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

7.

Carrington Mortgage Services, LLC is a Delaware limited liability company with its principal place of business in Anaheim, California. The citizenship of a limited liability company is determined by the citizenship of all its members.

8.

Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. Carrington Holding

Company, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose sole member is The Carrington Companies, LLC. Carrington Investment Partners, L.P. is a Delaware limited partnership with its principal place of business in Greenwich, Connecticut, whose general partner is Carrington Capital Management, LLC.

9.

Carrington Capital Management, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose members are Carrington Holding Company, LLC and a private individual. The private individual is not a citizen of the State of Georgia. The Carrington Companies, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut. The Carrington Companies, LLC's members are two private individuals who are not citizens of the State of Georgia.

10.

Wilmington Savings Fund Society, FSB is a federally chartered savings association with its main office in Delaware. *See* 28 U.S.C. §1348; 12 U.S.C. §1464(x); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709-715 (9th Cir. 2014) (holding that for diversity purposes a national bank is a citizen of the state designated as its main office in its articles of association). Therefore, Wilmington is deemed a

citizen of the State of Delaware for the purposes of diversity citizenship jurisdiction.

11.

As between Plaintiff and Defendants, there exists complete diversity of citizenship under 28 U.S.C. § 1332.

12.

Carrington and Wilmington were both served with a of a copy of the Complaint on October 16, 2020. This removal notice is filed within thirty days of delivery of Plaintiff's Complaint and is, therefore, timely under 28 U.S.C. § 1446(b).

13.

Defendants' removal of this action is without prejudice to any of their potential defenses, including all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

14.

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal has been served upon Plaintiff and is being filed with the State Court of Henry County.

15.

In accordance with 28 U.S.C. § 1441(a), the removal of the underlying lawsuit to the United States District Court, Northern District of Georgia, Atlanta Division is

proper because this district and division embraces the place in which the removed action has been pending, *i.e.*, the State Court of Henry County, Georgia.

16.

If any question arises as to the propriety of the removal of this action, Carrington and Wilmington respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) (stating general rule that post-removal evidence in assessing removal jurisdiction may be considered by the Court).

17.

Because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), removal is appropriate under 28 U.S.C. § 1441(a).

**WHEREFORE**, Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H request that the underlying case be removed from the State Court of Henry County, Georgia, and proceed in the United States District Court for the Northern District of Georgia, Atlanta Division as an action properly removed thereto.

This 16th day of November, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794
Regions Plaza, Suite 1800
1180 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Phone: (404) 817-8558
Fax: (404) 881-0470
E-Mail: grant.schnell@hklaw.com

*Attorney for Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H*

## **LR 7.1(D) FONT COMPLIANCE CERTIFICATION**

The undersigned counsel for Defendant Flagship Credit Acceptance LLC hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 12th day of November, 2020.

        **HOLLAND & KNIGHT LLP**

        */s/ Grant Edward Lavelle Schnell*
        Grant Edward Lavelle Schnell
        Georgia Bar No. 106794

        *Attorney for Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H*

# CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of **NOTICE OF REMOVAL** has been filed via the Court's CM/ECF electronic service and served via United States First Class Mail on the following parties:

> Ricky R. Franklin
> 708 Brambling Way
> Stockbridge, GA 30281

This 16th day of November, 2020.

> /s/ *Grant Edward Lavelle Schnell*
> Grant Edward Lavelle Schnell
> Georgia Bar No. 106794
>
> *Attorney for Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H*