# Exhibit 1

 CT Corporation

**Service of Process Transmittal**
10/16/2020
CT Log Number 538409099

| | |
|---|---|
| **TO:** | Tracey McShane, Legal Asst.<br>Carrington Mortgage Holdings, LLC<br>1600 S Douglass Rd Ste 110<br>Anaheim, CA 92806-5951 |
| **RE:** | **Process Served in Georgia** |
| **FOR:** | Carrington Mortgage Services, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICKY R. FRANKLIN, Pltf. vs. CARRINGTON MORTGAGE SERVICES, LLC., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV2364TP |
| **NATURE OF ACTION:** | Foreclosure Litigation - Mortgage |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/16/2020 at 09:44 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/16/2020, Expected Purge Date: 10/21/2020<br><br>Image SOP<br><br>Email Notification,  Tracey McShane  Tracey.McShane@carringtonmh.com<br><br>Email Notification,  Michelle Evers  michelle.evers@carringtonmh.com<br><br>Email Notification,  Judi Johnston  judi.johnston@carringtonmh.com<br><br>Email Notification,  Kristine Boren  kristine.boren@carringtonmh.com<br><br>Email Notification,  Alexandria Anderson  alexandria.anderson@carringtonmh.com<br><br>Email Notification,  Star Japp  star.japp@carringtonmh.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-203-1500<br>DealTeam@wolterskluwer.com |

Page 1 of  1 / SB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CT

---

## *HARD COPY DELIVERY REQUIRED*

PLEASE NOTE:

☐ Compact Disc or Thumb Drive attached

☐ Cash Received: $_____

☐ Live Check Attached

☐ Oversized Pages Attached

☒ Other: _EXHIBIT B PAGE_
_IS ON THE LAST PAGE WHEN RECEIVED_

Hard copies of the documents will subsequently
be shipped to you.

# IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

RICKY R. FRANKLIN

§
§
§

    Plaintiff,

§
§

Civil Action No: 2 0CV2364 TP

V.

§
§
§

**SUMMONS**

CARRINGTON MORTGAGE
SERVICES, LLC

§
§
§

**TO:**
**Carrington Mortgages Services, LLC**
**(Registered Agent)**
**CT Corporation System**
**289 S Culver St, Lawrenceville, GA 30046**

2ND ORIGINAL

A lawsuit has been filed against you. You are hereby summoned and required to file with the Clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

RICKY R. FRANKLIN
708 Brambling Way
Stockbridge, GA, 30281

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint

CLERK OF COURT,
*Barbara A Harrison*

Date: 10-13-2020

Signature of Clerk of Deputy Clerk

FILED IN OFFICE
HENRY COUNTY
SUPERIOR COURT

OCT 1 3 2020

*Barbara A. Harrison*
CLERK OF SUPERIOR COURT

## IN THE SUPERIOR COURT OF HENRY COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| RICKY R. FRANKLIN | § § § | Civil Action No: 20CV2364TP |
| Plaintiff, | § § | |
| V. | § § | |
| CARRINGTON MORTGAGE SERVICES, LLC and | § § § § | |
| WILMINGTON SAVINGS FUND SOCIETY, FSB AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST H and JOHN DOE CORPORATION 1 TROUGH 5 all who true names are unknown | § § § § § § § § | |
| Defendants | § § | |

## VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF

Now Comes Plaintiff, Ricky R. Franklin, Pro se, who resides in Stockbridge,

Georgia, County of Henry, by and through himself and for his Verified Complaint

against the Defendants, Carrington Mortgages Services, LLC, and Wilmington

Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H, and

John Doe Corporation 1 through 5, and Plaintiff states as follows:

## NATURE OF THIS ACTION

1.  This is an action for damages, injunctive relief, declaratory relief and laws

governed by the Quiet Title Act of 1966... O.C.G.A. § 23-3-62; O.C.G.A.§ 9-4-2;

and Slander of Title under O.C.G.A. § 51-9-1.

2.  Upon belief and information, Plaintiffs contends that many of these practices

are widespread for some or all the Defendants.  Plaintiff intends to propound

discovery to Defendants identifying these other individuals who have suffered

similar violations.

## JURISDICTION & VENUE

4.  Jurisdiction of this Court is conferred by O.C.G.A.§ 23-3-62. Jurisdiction is also

proper in this Court because it concerns title to real property: "The superior courts

... shall have exclusive jurisdiction ....in cases respecting title to land, *Setlock v.*

*Setlock,* 286 Ga. 384, 688 SE2d 346 (2010)

5.  Venue is proper in this Court, as the property which forms the basis for this

Petition is located in Henry County and in the possession  of the Plaintiff.

2

## PARTIES

6. RICKY R. FRANKLIN, (hereinafter, "Plaintiff"), is a natural person who was at all relevant times residing in the county of Henry, state of Georgia.

7. Defendant, Carrington Mortgage Services, LLC (hereinafter "Defendant CAR or Defendants") is a foreign corporation with location in Anaheim California with a registered agent of CT Corporation System located at 289 S Culver St, Lawrenceville, GA 30046.

8. Defendant, Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H (hereinafter "Defendant FSB or Defendants") is a foreign corporation with location at 500 Delaware Avenue, 11th Floor, Wilmington, DE 19801.

9. The names and addresses of the John Doe Corporation 1 through 5 are unknown at this juncture of the proceeding. Through discovery, the Plaintiffs will identify other Defendants and thereafter will amend this Complaint to substitute actual names of the Defendants.

3

10. At all relevant times, Defendant FSB has not and has never been registered to conduct business in Georgia nor solicit any business in Georgia.  Defendant CAR is registered to do business in Georgia with the Secretary of State.

11. At all relevant times, Defendants has conducted business in Georgia, solicited business in Georgia, engaged in a persistent course of conduct in Georgia, or has derived substantial revenue from services rendered in Georgia.

## INTRODUCTION

12.  Plaintiffs seeks a declaration that he is the exclusive titleholders to his residential property, that the deed which purported to convey the exclusive title to the property was in fact an equitable mortgage, and that all invalid assignments subsequently executed and purportedly encumbering the Plaintiffs property are void-able. Plaintiff filed an unrecorded deed from 1821 conveyed from Georgia Land Lotteries on May 29th 2014.  This written instrument of Land Grant is conveyed and assigns forever a written legal title to the Plaintiff.  (See Exhibit A) This Grant is unimpeachable at law, except when it appears on its face to be void. Once perfect on its face, it is not to be avoided in a trial at law by anything other than an elder Grant. *Hooper et al v Scheimer*, 64 US. (23 how) 235 (1859)  In

4

*Marvin M. Brandt Revocable Trust v. United States* 572 U.S. ___ (2014) the U.S.

Supreme Court defined patent this way:

> A land grant/ patent is an official document reflecting a grant that is made public,
> or "patent." The patent conveyed to the Brandts fee simple title to the land "with
> all the rights, privileges, immunities, and appurtenances, of whatsoever nature,
> thereunto belonging, unto said claimants, their successors and assigns, forever."
> App. to Pet. for Cert. 76.

13.  The purpose of Georgia's Quiet Title Act of 1966 is "to create a procedure for

removing any cloud upon the title to land . . . and for readily and conclusively

establishing that certain named persons are the owners of all the interests in land.

Further, the Defendants has caused specific damages by filing a invalid assignment

into the public records of henry county on June 02, 2020.  (See Exhibit B) The

Georgia the Supreme Court has ruled that a Plaintiff does have standing to

challenge the validity of an assignment, if a person can show injury.  *Ames et al v.*

*JP Morgan Chase*, S15G1007, March 7, 2016, 298 Ga. 732 GA.  These actions by

the Defendants, brings slander to Plaintiffs superior title under OCGA § 51-9-11.

14.  At the time of this filing, no proceedings or actions by the Defendants have

been taken against Plaintiff in reference to the alleged debt as conditions precedent

have not been met according to State Law.  **Plaintiff is not in any Foreclosure**

**proceedings.  (emphasis added)**

5

## **ALLEGATIONS OF FACT**

15.  On or about July 21, 2003, Plaintiff purchase a residential property commonly known as 708 Brambling Way, Stockbridge, GA 30281, Henry County, Georgia. Plaintiff executed a Promissory Note and Security deed payable to lender Homestar Mortgage Services, LLC, the original and secured creditor. Homestar Mortgage Services, LLC is a dissolved company and does not exist.

16.  At the time of origination, the subject loan was sold into the secondary market.

17.  The ultimate goal of the secondary market is to bundle loans together in investment pools through a process called "securitization".  In the present case the defendants contend that this particular mortgage was sold to an entity named CMSI REMIC Pass-Through Certificates Series 2003-8.

18.  A securitization vehicle is called a Special Purpose Vehicle or SPV or sometimes a Special Investment Vehicle or SIV.  These entities are usually formed as either New York or Delaware corporate trusts.

19.  These entities are created by the execution of a Pooling and Servicing Agreement or ("PSA") which creates the entity and gives it all of its legal rights, powers and authority under the law of the jurisdiction in which it is formed.

6

20. In the present case, this defendant Trust was formed on August 28th, 2003 and is governed according to the laws of the State of New York (See PSA section 10.03).

21. Defendants CAR and FSB contends that it is and was the owner of this mortgage, and did not give Plaintiff any indication of, and did not identify, the Trust as the creditor in any of its communications or notices to Plaintiff.

22. The Plaintiff contends that the Defendants was not a party to the Trust, and therefore cannot be the "holder" or 'holder in due course of the underlying promissory note of the Plaintiff's debt, and cannot therefore be the lawful assignee of the underlying mortgage.

23. The Defendants should be required to prove that they are in fact the owners of the Plaintiffs mortgage note and that they have the present right to collect on the debt.

24. Plaintiff further alleges that no documents or records have been filled with the Georgia County Recorder's Office, or provided to Plaintiff, which demonstrate that, prior to the Closing Date of the Trust, the Note was duly endorsed, transferred and delivered to the Trust as required by the PSA. Plaintiff further alleges that for the Trust to have had a valid and enforceable security interest against the subject

7

Property, the Trust must prove that it received an endorsement of the Note prior to the Closing Date of the Trust and that it had physical possession of the Note at the time of the assignment.   Absent such proof, Plaintiff alleges that the Trust does not have standing to move forward with the collection of the debt.

25.   Pursuant to Section 2.01 (b)(A) of the PSA, prior to the Closing Date of August 28th, 2003 the Depositor agreed to deliver to the Custodian on behalf of the Trustee all of the Notes, endorsed in blank, "without recourse" with all intervening endorsements showing a complete chain of endorsement from the originator to the Person endorsing the Mortgage Note (each such endorsement being sufficient to transfer all right title and interest of the party so endorsing, as noteholder or assignee thereof, in and to that Mortgage Note)....."

26.   Plaintiff if informed and believes and thereon alleges that the Note in this case was never actually transferred and delivered by Citibank to the Depositor and by the Depositor to the Custodian on behalf of the Trustee for the Trust pursuant to the requirements of Section 2.01 of the PSA and was not listed in any of the documents filed by the Trust and available to the public at www.edgar.gov. Accordingly, Plaintiff alleges that the Note in this case was never lawfully negotiated and physically delivered to the Trust.

8

27. Additionally, the Section 2.01(b)(C) of the PSA provides that, prior to the

Closing Date of August 28th, 2003 [t]he Depositor has delivered or caused to be

delivered to the Custodian, on behalf of the Trustee, for the benefit of the

Certificate holders and the Certificate Insurer, the following documents or

instruments with respect to each Mortgage Loan that is not a Cooperative

Mortgage Loan so assigned....(C) a duly executed assignment of the Mortgage

(which may be included in a blanket assignment or assignments), endorsed in the

following form: Bank One National Association, in trust for CMSI REMIC Pass-

Through Certificates Series 2003-8 for the benefit of the Holders of the Mortgage

Pass-Through Certificates, Series 2003-8" together with, except as provided below,

all interim recorded assignments of such mortgage (each such assignment, when

duly and validly completed, to be in recordable form and sufficient to effect the

assignment of and transfer to the assignee thereof, under the Mortgage to which the

assignment relates)...."

28. Plaintiff alleges the PSA required the Assignment of the Security Deed to be

recorded within ninety (90) days of the assignment of the loan to the Trust which

had to occur by August 28th, 2003. Based upon information and belief, the

Assignment of the Security Deed did not occur by August 28th, 2003 or ninety (90)

9

days thereafter, but rather on June 2nd 2020 long after the Trust had closed. Said

Assignment was ineffective as the Trust could not have accepted the Security

Deed after the Closing Date pursuant to the PSA and the requirements for a

REMIC Trust. If the assignment was made after the closing date, the non-

compliance with the REMIC statutes would terminate the trust by extinguishing its

tax exempt status under the REMIC statutes.

29. Plaintiff alleges that Defendants does not hold his note. If Plaintiff succeeds in

proving that both Defendants is not the holder of the note then no tender would be

required because no sum would be due to Defendants under the note. See *Everson*

*v. Franklin Discount Co.*, 285 S.E.2d 530, 533 (Ga. 1982); *Sapp v. ABC Credit &*

*Inv. Co.*, 253 S.E.2d 82, 87 (Ga. 1979); *Davis v. Atlanta Fin. Co.*, 129 S.E. 51, 52

(Ga. 1925)

30. On May 29th, 2014, Plaintiff filed into the Henry County Superior Court

records an unrecorded deed from the Georgia Land Lotteries of 1821. (See Exhibit

A) This deed gave Plaintiff...as an assignee, fee simple allodial title to the land.

Plaintiff holds record title of the land, by way of the original Land Grant to this

property and is described as:

10

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 5 OF THE 12TH DISTRICT AND LAND LOT 12 OF THE 6TH DISTRICT, HENRY COUNTY, GEORGIA, BEING LOT 162, AVIAN FOREST SUBDIVIVISION, PHASE III, SECTION A, A PER PLAT RECORDED IN PLAT BOOK 35, PAGE 243-245, HENRY COUNTY RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.**

31. On April 1st 2019, Plaintiff was informed by another entity named Citimortgage Inc., that they no longer owned the loan and Plaintiffs loan had been transferred to a third party by the name of Central loan administration and reporting ("CEN"). CEN never filed a recorded assignment into the public records of Henry county records, however Plaintiff began making payments to CEN.

32. On April 1st 2020, Plaintiff was informed by CEN that his loan had been put into forbearance because of covid-19 under the CARES Act. A few days later, on or about April 21st, Plaintiff was informed that his loan was transferred to a different party by the name of Carrington Mortgage Services, LLC (hereinafter, "Defendants or "CAR").

33. On May 5th, 2020, Plaintiff sent Defendant CAR a discovery letter that demanded presentment of his note under uniform commercial code ("UCC") Article 3 -§3-501. This letter demanded Defendant CAR to present Plaintiff with his Original Wet Ink Signature Promissory Note together with the original Deed of Trust in Henry County. Additionally, the letter stated that Defendant CAR had 30

11

days to provide proof, otherwise they would admit to not being a party of interest and could not rightfully enforce a claim under UCC - ARTICLE 3 § 3-301. UCC 3-501 also requires a servicer to show authority to make a demand for payment, if it does not own the note, but is merely servicer. This section of the UCC allows a borrower to discontinue payments without dishonor until such time as a note holder or servicer complies with all laws or contract provisions. Defendant CAR or FSB have never responded to Plaintiffs requests for presentment.

34. Unbeknown to the Plaintiff, sometime in June 2020, the Defendant FSB filed an assignment into the public records of Henry County. At no time did either Defendant notify Plaintiff of this filing and recording.

35. Meanwhile, Defendants CAR and FSB, continue to send demand for payments every month that includes unauthorized charges to Plaintiff with fees, interest, and gross overcharges for escrow.

36. A third party assignor (Citimortgage, Inc.,) with no authority to do so, improperly filed an assignment into the public county records of Henry County on June 2 of this year. The note and the security deed are void, and Defendants have engaged in inequitable conduct that which would not require tender of any payments to Defendants.

12

that is filed and known as the 4th Georgia Land Lotteries of 1821: Registered as

1821 Land Lottery Henry County Register of Grants. **(Exhibit A-11/12, Certified**

**Plat/Deed)** See...*Wilcox v Jackson 13 Peter (US)* 498; (The Grant alone passes

land from the United States of America to the State of Georgia to the Grantee and

nothing passes a perfect title to public lands but a grant/patent). See Also...*State v.*

*Crawford*, 441p2d 586,590 (Ariz, app. 1968); (A grant/patent to land is the highest

evidence of title and may not be collaterally attacked"; It is the largest estate in

land that the law will recognize, a fee simple estate still exists even though the

property is mortgaged or encumbered) *Hughes v. Miller's Mutual Fire Insurance*

co., 246 s.w. 23 (1923)] (A grant/patent to land is the highest evidence of title and

is immune from collateral attack) *Raestle v. Whitson*, 582 p.2d 170,172 (1978)

42. As alleged above, a dispute and/or cloud upon the title exists with respect to the

property as defined in O.C.G.A. § 23-3-62 this dispute concerns the land described

and defined above, with respect to which Plaintiff claims an ownership interest

evidenced by a written deed. Plaintiff verifies this Petition below and attaches

hereto a plat of survey of the land, a pit of the deed upon which the petitioner's

interest is based and copies of the invalid security interests-if any-which appear in

the recorded chain of title. (Exhibit B)

14

## CAUSE OF ACTION II- SLANDER OF TITLE- OCGA § 51-9-11

43. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The assignment by Defendants into the Superior Court of Henry County is a publication of slanderous words. The recording in public record satisfies the publication element under the Act.

45. Plaintiff has been harmed by this publication as the Defendants have demanded payment of $11,046.79 in unjust fees and overcharging of escrow. Additionally, Plaintiff has been harmed by being denied a business line of credit of $100,000 and not being able to sale his home, which is valued at over $200,000.

## CAUSE OF ACTION III- DECLARATORY RELIEF

46. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Declaratory relief is being brought pursuant to O.C.G.A.§ 9-4-2 to declare that Defendants CAR and FSB have no legal or equitable rights in the Note and Security Deed for the purposes of enforcing the Note.

15

48. Under UCC Article 3 -§3-501 Defendants CAR and FSB have not presented the Note to Plaintiff with his original Wet Ink Signature Promissory Note together with the original Deed of Trust in Henry County. Therefore, until this obligation has been met, Plaintiff has a right to discontinue payments without dishonor under UCC 3-501.

49. By failing to present Plaintiff with the Note and deed within 30 days, Defendants CAR and FSB admit to not being a party of interest and could not rightfully enforce a claim under UCC - ARTICLE 3 § 3-301.

50. John Doe Corporation 1 through 5 is unknown at this time; and all indispensable parties related to Plaintiff's loan and the securitizations of the loan are subject to this lawsuit.

**WHEREFORE, Plaintiff prays that:**

a) That the Court take jurisdiction of this matter as an action in rem requiring the appointment of a special master pursuant to O.C.G.A. § 23-3-63:

b) Compensatory and punitive damages as a result of reckless disregard of the right of others pursuant to OCGA § 51-9-11;

16

c) Declaration declaring Plaintiff is the exclusive titleholders to his residential property and are the assignees to a said portion of the Land Grant;

d) Declare against anyone and everyone, and thus "QUIET" any challenges or claims to the title according to O.C.G.A 23-3-62.

d) The Defendants be required to prove that they are in fact the owners of the Plaintiffs mortgage note and that they have the present right to collect on the debt. Additionally, be required to present Plaintiff with the original Note and deed of trust and until that is done, Plaintiff is not obligated to pay a debt to either of the Defendants.

e)  Plaintiff have a judgment establishing title in the in the property in the estate against all the world and that all clouds upon the title to said land, including the purported deed from Plaintiff to Defendants be cancelled and removed;

f) Defendants be enjoined from taking any further action in purported furtherance of the sale and, transfer of Plaintiffs property;

g) That this Court order the Defendants have no legally recognizable interest in the property

17

h) Damages of $111, 046 for unjust fees and denial money to pursue business ventures;

i) That Plaintiff be awarded the cost of this suit, including attorneys' fees; and

j) Injunctive Relief from alleged debt;

k) Such other and further relief as may be just and proper.

Pursuant to Title 28 USC 1746(1) and executed "without the United States," I affirm under penalty or perjury under the laws of the USA that the foregoing is true and correct to the best of my belief and informed knowledge.

Respectfully submitted,

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com

18

# EXHIBIT A




RECORDING REQUESTED BY

WHEN RECORDED MAIL TO:

Ricky R. Franklin

708 Brambling Way

Stockbridge, GA 30281

Doc ID: 016771190012 Type: MISC
Recorded: 05/29/2014 at 11:33:13 AM
Fee Amt: $30.00 Page 1 of 12
Henry, GA Clerk of Superior Court
Barbara Harrison Clerk of Court
BK 13587 PG 216-227

## DECLARATION OF ASSIGNEE'S UPDATE OF LAND GRANT

TO WHOMEVER IT MAY CONCERN:

This DECLARATION is directed to be attached to all deeds and/or conveyances in the name of the
parties above shown as requesting recording of this document, in a manner known a nunc pro tunc
(as it should have been from the beginning).

KNOWN YE ALL MEN THAT BY THESE PRESENTS: I Ricky R. Franklin DO SEVERALLY CERTIFY AND
DECLARE THAT I BRING UP THE LAND GRANT IN MY NAME. THE ASSIGNEE TO THE LAND GRANT
THAT IS FILED AND KNOWN AS, THE 4TH GEORGIA LAND LOTTERIES OF 1821: REGISTERED AS 1821
LAND LOTTERY HENRY COUNTY REGISTER OF GRANTS

SAID COPY OF WHICH IS ATTACHED HERETO.

1. I, FURTHER CERTIFY THAT I AM THE ASSIGNEE TO A PORTION OF SAID GRANT WHICH IS
LEGALLY DESCRIBED AS ATTACHED HERETO AND MADE PART HERETO AND MADE APART HERETO
AND MADE APART HEREOF BEING THE ONLY WAY A PERFECT, PARAMOUNT, AND ALLODIAL TITLE
CAN BE HAD IN My NAME, AND PARTICULARLY THE FOLLOWING DESCRIBED LAND SO SOUGHT TO
BE GRANTED:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 5 OF THE 12TH DISTRICT
AND LAND LOT 12 OF THE 6TH DISTRICT, HENRY COUNTY, GEORGIA, BEING LOT 162, AVIAN
FOREST SUBDIVIVISION, PHASE III, SECTION A, A PER PLAT RECORDED IN PLAT BOOK 35, PAGE
243-245, HENRY COUNTY RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A
PART HEREOF BY REFERENCE.

A-1

GEORGIA, HENRY COUNTY
I CERTIFY THAT THE FOREGOING
IS A TRUE AND EXACT COPY OF THE
ORIGINAL WHICH APPEARS OF RECORD
IN THIS OFFICE. BK 13587
PG 216 - 227
IN WITNESS WHEREOF I HAVE
THIS 2nd DAY OF June, 2014
AFFIXED MY SEAL AND SIGNATURE    Deputy Clerk
BARBARA A. HARRISON - HENRY SUPERIOR COURT

IF THIS DECLARATION OF LAND GRANT IS NOT CHALLENGED BY SOMEONE IN A COURT OF LAW WITHIN SIXTY (60) DAYS FROM THE DATE OF FILING, THE ABOVE DESCRIBED PROPERTY SHALL BECOME MINE AS ALLODIAL FREEHOLD, AND THEN THIS LAND GRANT SHALL BE UPDATED IN MY NAME, SUBJECT TO THE LIMITATION STATED HEREIN.

2. NOTICE OF PRE-EMPTIVE RIGHT. PURSUANT TO THE DECLARATION OF INDEPENDENCE(1776), THE TREATY OF PEACE WITH GREAT BRITAIN (8STAT) KNOWN AS THE TREATY OF PARIS [1793] AN ACT OF CONGRESS [3STAT.566, APRIL 24, 1824], THE OREGON TREATY [9STAT.869, JUNE 15, 1846], THE HOMESTEAD ACT [12STAT.392, 1862] AND 43 USC SECTIONS 57, 59, AND 83; THE RECEIPIENT HEREOF IS MANDATED BY ART. VI SECTIONS 1, 2, AND 3; ART. IV SECTIONS I CL. 1&2; SECTION 2 CL. 1 Bt 2; SECTION 4; THE 4TH, 7TH, 9TH, AND 10TH AMENDMENTS [U.S. CONSTITUTION, 1781-91] TO ACKNOWLEDGE ASSIGNEE'S UPDATE OF GRANT OR PATENT PROSECUTED BY AUTHORITY OF ART. III SECTION 2 CL. 1&2 ENFORCED BY ORIGINAL/EXCLUSIVE JURISDICTION THEREUNDER AND IT IS THE ONLY WAY TO PERFECT TITLE CAN BE HAD IN MY NAME, WILCOX vs JACKSON, 13 PET. (U.S.) 498, 101. ED 264; ALL QUESTIONS OF FACT DECIDED BY THE GENERAL LAND OFFICE ARE BINDING EVERYWHERE. AND INJUNCTIONS AND MANDAMUS PROCEEDING WILL NOT LIE AGAINST IT, LITCHFIELD vs. THE REGISTER, 9 WALL (U.S.) 575, 19L. ED. 681. THIS DOCUMENT IS INSTRUCTED TO BE ATTACHED TO ALL DEEDS AND/OR CONVEYANCE IN THE NAME OF THE ABOVE PARTY.

3. LAWS OF THE LAND; THIS GRANT IS PROTECTED THROUGH THE CREATION ON THE LAWS OF THE STATE OF GEORGIA OF THE GENERAL ASSEMBLY OF DEC. 1837; THE CONSTITUTION OF THE UNITED STATES; THE CONSTITUION OF THE STATE OF GEORGIA AS AMENDED; HIS EXCELLENCY JOHN CLARK GOVERNOR AND COMMANDER IN CHIEF OF THE ARMY AND NAVY OF THIS STATE, AND OF THE MILITIA THEREOF; AN ACT TO MAKE DISTRIBUTION OF THE LATE CESSION OF LANDS, OBTAINED FROM THE CREEK NATION BY THE UNITED STATES COMMISSIONERS, IN A TREATY ENTERED INTO AT OR NEAR FORT WILKINSON, ON THE 16TH DAY OF JUNE, 1802-APPROVED MAY 11, 1803. VOL II. 100.; AN ACT TO DISPOSE OF AND DISTRIBUTE THE LANDS LATELY ACQUIRED BY THE UNITED STATES FOR THE USE OF GEORGIA, OF THE CREEK NATION OF INDIANS, BY A TREATY MADE AND CONCLUDED AT THE INDIAN SPRINGS, ON THE 8TH DAY OF JANUARY, 1821; AND TO ADD THE RESERVE AT FORT HAWKINS TO THE COUNTY OF JONES APPROVED MAY 15, 1821. VOL IV. 246; THIS EMBRACES THE TERRITORY BETWEEN THE OCMULGEE AND FLINT, ABOVE IRWIN AND BELOW COBB COUNTY.

A-2

Acknowledgment/Jurat

DATE: _May 28_____ 2014 _____

Signature: Ricky R. Franklin

Witness _____

STATE OF GEORGIA
COUNTY OF HENRY

On this _28_ day of _May_____, _2014_____before me,
_Tatiana Fritzgerald_, personally appeared Ricky R. Franklin, know to me (or satisfactorily proven) to the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same as Homestead for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal

_____
Notary Public

_____
Title (and Rank)
My commission expires _02/06/2018_

| Documents | Grantee Assignee Notice of update of Land Grant, Stapled 4 pages |
| Exhibit A | Original Land Grant from Georgia Division of Archives and History, 4 pages, |
| Exhibit B | Certified Plat, 1 Page, |
| Exhibit C | Certified Warranty Deed |
| Exhibit D | Homestead declaration, 2 pages. |

A 41

# STATE OF GEORGIA



| The Georgia Archives, University System of Georgia |

I, Christopher M. Davidson, J.D., Director of The Georgia Archives, do hereby certify that the one page document hereto attached and made part of this certificate is a true and correct copy of page 113 of 1821 Land Lottery Henry County Register of Grants, showing Henry County, District 6, Land Lot 12, and I further certify that the described grant book is on file and of official record in the Archives of the State of Georgia.

IN TESTIMONY WHEREOF, I have set my hand and affixed the
Official Seal of the State of Georgia this twenty-ninth day of April, 2014

Director, The Georgia Archives

A-3

... of these presents, in their... and forever... Representatives, in this State, I, HAVE GIVEN AND GRANTED... work in the name and behalf of this State, DO GIVE AND GRANT, unto *Sands Standley of Inquitts district Tattnall County*...

held ... forever, all that Tract or Lot of Land, containing two hundred and ... half acres, situate, lying and being in the *Ninth* ... district of *Henry* ... county, in the ... Tract or Lot of land is known and distinguished in the plan of said District ... No. *Twelve* ...

... and marks ... appear by a plat of the same hereunto annexed ... the said tract or lot of land, together with all and singular the ... appurtenances thereof, whatsoever, unto the said ... his heirs and assigns; to ... And their proper use benefit and behoof forever in fee simple.

GIVEN under my hand, and the Great Seal of the State, on *twenty second* day of *November* in the year of our Lord eighteen hundred and *twenty three* and of the forty *Eighth* year of American Independence.

Signed by His Excellency the Governor, the }
*22* day of *November 1823* }

*Mirabeau B. Lamar* D. E. B.

Registered this *23* day of *November 1823*

A-6

# STATE OF GEORGIA



The Georgia Archives, University System of Georgia

I, Christopher M. Davidson, J.D., Director of The Georgia Archives, do hereby certify that the one page document hereto attached and made part of this certificate is a true and correct copy of page 113 of 1821 Land Lottery Henry County Register of Grants, showing Henry County, District 6, Land Lot 12, and I further certify that the described grant book is on file and of official record in the Archives of the State of Georgia.

IN TESTIMONY WHEREOF, I have set my hand and affixed the
Official Seal of the State of Georgia this twenty-ninth day of April, 2014

Director, The Georgia Archives

A-7

*John Clark* Governor and
Commander in Chief of the Army and Navy of this State and
of the Militia thereof.

TO ALL TO WHOM THESE PRESENTS SHALL COME, *GREETING*:

KNOW YE, That in pursuance of an act of the General Assem-
bly, passed the 14th of May, 1821, for making distribution of the land lately acquired of
the Creek Nation of Indians, and forming the counties of Dooly, Houston, Monroe, Fay-
ette and Henry, in this State, I HAVE GIVEN AND GRANTED, and by these pre-
sents, in the name and behalf of this State, DO GIVE AND GRANT, unto *Henry*
*G. Ezell, of Whites District Jasper*
*County his* ―  "  "

heirs and assigns forever, all that Tract or Lot of Land, containing two hundred two and
a half acres, situate, lying and being in the *Twelfth* ―
district of *Henry* ― county, in the said State, which said
Tract or Lot of Land is known and distinguished in the plan of said district by the Num-
ber *Five* having such shape,
form and marks as appear by a plat of the same hereunto annexed : To have and to hold
the said tract or lot of land, together with all and singular the rights, members and ap-
purtenances thereof, whatsoever, unto the said *Henry G. Ezell his*
― "  heirs and assigns ; to *his* and their proper use, benefit
and behoof forever in fee simple.

GIVEN under my hand and the Great Seal of the State, this *Eighth*
day of *December* in the year of our Lord eighteen hundred and
*Twenty one* and of the forty *sixth* year of American
Independence.

Signed by His Excellency the Governor, the
8th day of *December* 1821 *John Clark*
*John Burch* S. E. D.

Registered the *Twenty third* day of *March* 1822

A 8

When Recorded, Return to:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

# DECLARATION OF HOMESTEAD

1. I, Ricky R. Franklin, DO HEREBY DELCARE:

2. THAT MY MAILING ADDRESS FOR MY HOMESTEAD IS:
      708 Brambling Way
      Stockbridge, GA 30281

3. I am now residing on the Land and premises located in the city of Stockbridge, County of Henry, State of Georgia, known and legally described as:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 5 OF THE 12TH DISTRICT AND LAND LOT 12 OF THE 6TH DISTRICT, HENRY COUNTY, GEORGIA, BEING LOT 162, AVIAN FOREST SUBDIVIVISION, PHASE III, SECTION A, A PER PLAT RECORDED IN PLAT BOOK 35, PAGE 243-245, HENRY COUNTY RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.

4. I am DECLARED HOMESTEAD HEAD OF HOUSEHOLD OWNER OF THE DECLARED HOMESTEAD.

5. NO FORMER DECLARATION OF HOMESTEAD HAS BEEN MADE BY ME EXCEPT AS HAS BEEN ABANDONED.

DATE: 28 MAY _____ 2014 _____
                                              Signature: Ricky R. Franklin

STATE OF GEORGIA
COUNTY OF HENRY

A-9



PLAT BOOK 35  PAGE 244

FINAL PLAT OF:
AVIAN FOREST
PHASE III
SECTION A
SHEET 2 OF 3

# EXHIBIT B