IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICKY R. FRANKLIN,       )
                            )
   **Plaintiff,**         )
                            )    **CIVIL ACTION FILE NO.**
**v.**                    )
                            )    **1:20-CV-4661-SDG**
**CARRINGTON MORTGAGE**  )
**SERVICES, LLC;**          )
**WILMINGTON SAVINGS**    )
**FUND SOCIETY, FSB AS**   )
**TRUSTEE OF STANWICH**   )
**MORTGAGE LOAN TRUST H,** )
                            )
                            )
   **Defendants.**       )

## DEFENDANTS CARRINGTON MORTGAGE AND WILMINGTON'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Defendants Carrington Mortgage Services, LLC ("Carrington") and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H ("Wilmington") (collectively, "Defendants"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully move to dismiss Plaintiff Ricky R. Franklin's ("Plaintiff") Complaint (the "Complaint") (Doc. No. 1) in its entirety for failure to state a claim against Carrington and Wilmington. In support thereof, Defendants state as follows:

## PRELIMINARY STATEMENT

Plaintiff is a serial *pro se* litigator, *see, e.g., Franklin v. Upland Software, Inc.*, 1-18-CV-00236-LY, 2019 WL 433650, at *2 (W.D. Tex. Feb. 1, 2019) ("Franklin appears to be a serial litigator . . . ."). In fact, Plaintiff has another matter pending before this Court, *Franklin v. Cenlar FSB and Carrington Mortgage*, 1:20-cv-1410-MLB-WEJ, wherein he appears to have sued Carrington for no reason other than the servicing of his home loan was recently transferred to Carrington. On November 19, 2020, the Magistrate issued a Report and Recommendation granting Carrington's Motion to Dismiss Plaintiff's Second Amended Complaint. *See* Non-Final Report and Recommendation attached hereto as Exhibit "1."

Here, Plaintiff is attempting to declare himself exclusive titleholder to his property despite Defendant, Wilmington's valid lien. Plaintiff's Complaint fails to plead any <u>facts</u> supporting his various legal conclusions and theories against Carrington or Wilmington. Plaintiff's claims should be dismissed because they are completely devoid of any facts to support claims for quiet title, slander of title, declaratory judgment, or any other relief.

## PLAINTIFF'S FACTUAL ALLEGATIONS

Plaintiff's Complaint asserts a myriad of allegations against the Defendants. The precise nature of the specific allegations and theories of relief are difficult to

discern.  In the end, a fair reading of the Complaint reveals that Plaintiff is alleging he should be deemed the exclusive titleholder to the residential property located at 708 Brambling Way, Stockbridge, Georgia 30281 (the "Property.")

Plaintiff believes that his status as exclusive title holder to the Property is premised on an 1821 Land Grant from Georgia Land Lotteries. *See* Complaint ¶ 12. The document from 1821 that Plaintiff attaches to the Complaint as Exhibit "A," which he claims to be the subject Land Grant, is illegible.  *See id*. The Plaintiff goes on to acknowledge that on or about July 21, 2003, he purchased the Property and executed a Promissory Note and Security Deed payable to Home Star Mortgage Services LLC (the "Loan").[1] *See id.* ¶15. (A copy of the Promissory Note dated July 21, 2003 between Home Star Mortgage Services, LLC and the Plaintiff, endorsed in blank, is attached hereto as Exhibit "2" and a copy of the Security Deed executed by Plaintiff recorded with the Henry County Clerk of Superior Court on or about August 28, 2003 is attached hereto as Exhibit "3.") In light of Plaintiff's July 21, 2003 property purchase, however, it defies logic that a Land Grant from 1821 would provide him with title to the Property.

---

[1] Critically, the Plaintiff does not allege that the Promissory Note has been paid in full and Security Deed satisfied.

The Plaintiff then devotes over three pages of his Complaint to the argument that the securitization of the Loan prevents the Defendants from being considered a proper "holder" or "holder in due course" and as a result, Wilmington and/or Carrington "does not have standing to move forward with collection of the debt." *See id.* ¶ 24. This argument is misplaced as Plaintiff has a separate lawsuit pending in the Northern District of Georgia which alleges violations of the Fair Debt Collection Practices Act ("FDCPA"). *See Franklin v. Cenlar FSB and Carrington Mortgage*, 1:20-cv-1410-MLB-WEJ. Plaintiff continues to argue that no sums should be due to the Defendants under the Promissory Note since they are not the true holders or holders in due course.  *See id.* ¶ 29.

Plaintiff acknowledges that he was provided notice on April 1, 2019 that CitiMortgage, Inc. had transferred the servicing of his Loan. *See id.* ¶ 31. He then admits to have receiving notice on April 1, 2020 that the servicing of his loan was then being transferred to Defendant Carrington. *See id.* ¶ 32. Plaintiff alleges that on May 5, 2020, he sent a letter to Defendant Carrington demanding presentment of the original Promissory Note and Deed of Trust. *See id.* ¶ 33. In June 2020, an Assignment of the Security Deed was recorded in the public records of Henry County, Georgia and Plaintiff seemingly argues that he should have been provided prior notice of the recording. *See id.* ¶ 34. Plaintiff then states, "meanwhile,

Defendants… continue to send demand for payments every month that includes [sic] unauthorized charges to Plaintiff with fees, interest, and gross overcharges for escrow." *See id.* ¶ 35. Again, this argument is misplaced as it is the subject of *Franklin v. Cenlar FSB and Carrington Mortgage*, 1:20-cv-1410-MLB-WEJ.

In all, Plaintiff asserts three claims against the Defendants: (1) Quiet Title (Count I); (2) Slander of Title (Count II); and (3) Declaratory Relief (Count III).[2] All three counts should be dismissed with prejudice.

## LEGAL STANDARDS

In deciding a motion to dismiss under Federal Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le]" when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts will "eliminate any

---

[2] Of note, in the first paragraph of his Complaint, Plaintiff also states that he is pursuing an injunction, however, he fails to include any argument related to this claim for relief.

allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,  556 U.S. at 678.

Also of note, the reference of documents by incorporation doctrine allows a court to consider documents not attached to the complaint when considering a Motion to Dismiss, because "'a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document' if that document is central to the plaintiff's claims." *Daewoo Motor America v. General Motors Corp.*, 459 F.3d 1249, 1266 n.11 (11th Cir. 2006) (*quoting Day v. Taylor*, 400 F.3d 1272 at 1276 (11th Cir. 2005); *see also Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284-85 (11th Cir. 2007) (holding that documents referenced by plaintiff in complaint that are central to claim may be considered if contents not in dispute and defendant attaches document to motion to dismiss).

Furthermore, a court may take judicial notice of public records not attached to the Complaint when considering a Motion to Dismiss. *Ricketts v. Bank of America, N.A.*, Civil Action No. 1:12-CV-04034-RWS, 2013 WL 3191077, at *1

n.1 (N.D. Ga. June 21, 2013) ("The court may take judicial notice of public records not attached to the Complaint, including in this case the Security Deed, when considering a motion to dismiss.... This does not convert the motion into one for summary judgment.") (citations omitted).[3] Thus, public records, such as recorded security deeds, are among the permissible facts that a court may consider on a motion to dismiss, without converting the motion to one for summary judgment. *See Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. Apr. 18, 2006) (*quoting Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss.")).

Finally, "Rule 8 requires that federal courts give pleadings a liberal reading in the face of a 12(b)(6) motion to dismiss. This admonition is particularly true when the parties are proceeding *pro se*. Courts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). However, this

---

[3] *See also Crooked Creek Properties, Inc. v. Ensley*, No. 2:08-CV-1002, 2009 WL 3644835, at *8 (M.D. Ala. Oct. 28, 2009) ("[A]mple authority exists which recognizes that matters of public record, including court records in related or underlying cases which have a direct relation to the matters at issue, may be looked to when ruling on a 12(b)(6) motion to dismiss") (*quoting In re Am. Corp. Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996)).

leniency does not permit a court to serve as *de facto* counsel to an unrepresented party or to rewrite an otherwise deficient pleading. *Id.* A *pro se* plaintiff still must comply with the threshold requirements of the Federal Rules of Civil Procedure and allege facts sufficient "to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

## **ARGUMENT**

### I.   **Plaintiff's Claim to Quiet Title in Count I Fails to State A Claim For Relief Against Defendants**

O.C.G.A § 23-3-62 sets forth the statutory requirements of a petition to quiet title against all the world under O.C.G.A. § 23-3-60 *et seq*. A petition that, on its face, appears to be in noncompliance with O.C.G.A. § 23-3-62 is subject to dismissal because, "[i]n that case, no evidence which might be introduced within the framework of the [petition] could sustain a grant of . . . relief." *GHG, Inc. v. Bryan*, 275 Ga. 355 (1), 566 S.E.2d 662 (2002) (citation and punctuation omitted). A petition must contain, among other things, a "specification of the petitioner's interest in the land[.]" O.C.G.A. § 23-3-62 (b). The petitioner "must assert that he holds some current record title or current prescriptive title, in order to maintain his suit." *Smith v. Ga. Kaolin Co.*, 269 Ga. 475, 477 (2), 498 S.E.2d 266 (1998) (citation, punctuation, and emphasis omitted). The "plaintiff's right to recovery or relief

depends upon the strength of his own title to the realty involved, not the weakness of his opponents' evidence." *Id.* (citation and punctuation omitted).

Documents and information referenced in the Complaint show that Plaintiff purchased residential property located at 708 Brambling Way, Stockbridge, Georgia on or about July 21, 2003. *See* Complaint ¶ 15. Plaintiff acknowledges that on that date, he "executed a Promissory Note and Security Deed payable to lender Homestar Mortgage Services." *See id.* He also recognizes the recorded Assignment of Security Deed recorded in the Public Records of Henry County, Georgia filed by Defendants. *Id.* ¶ 34. He ultimately claims that his title to the Property is established by an illegible 1821 Land Grant from Georgia Land Lotteries which he attaches as Exhibit "A" to his Complaint. *See Id.* ¶ 12.

## A.    The 1821 Land Grant provides no foundation for Plaintiff's claim

Plaintiff hinges his alleged right to exclusive title to the Property on an 1821 Land Grant from Georgia Land Lotteries which he himself recorded with the Henry County Clerk of Superior Court on or about May 28, 2014. *Id.* ¶ 12. First, the document which purports to be the subject Land Grant attached to the Complaint as Exhibit "A" is entirely illegible and as such, cannot form a basis for Plaintiff's legal title. Secondly, and most importantly, it defies logic that a Land Grant from 1821 could convey title to the Plaintiff, particularly if he admits to having purchased the

Property 182 years later in 2003. *See id.* ¶ 15. As such, the 1821 Land Grant cannot

suffice, on its face, as proof of Plaintiff's exclusive title to the Property.

>    **B.    Plaintiff cannot prevail since he has not satisfied the security deed.**

Aside from Plaintiff's faulty position regarding the 1821 Land Grant, a

grantor of a deed to secure debt who has not paid the debt has no legal title to the

property at issue.  *See McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132 (2),

543 S.E.2d 755 (2000).

>    A deed to secure debt passes legal title to the lender when
>    the deed to secure debt is created, and the owner has a
>    mere equity of redemption and right of possession of the
>    realty until the secured debt has been satisfied in full . . . .
>    [A]s a matter of law, title does not pass back to the grantor
>    in the absence of full payment of the debt.

*Patel v. J. P. Morgan Chase Bank, N. A.*, Ga. App. 321, 323 (1), 757 S.E.2d 460

(2014) (citations and punctuation omitted). A person whose property is subject to a

deed to secure debt cannot prevail in a quiet title action unless he has satisfied the

debt. *See Taylor, Bean & Whitaker Mtg. Corp. v. Brown*, 276 Ga. 848, 850 (2), 583

S.E.2d 844 (2003).

Plaintiff did not and cannot assert that he has satisfied the debt on the Property

memorialized by the deed to secure the debt, attached hereto as Exhibit "3." Instead,

the Plaintiff merely and summarily asserts that he has legal title to the property by

virtue of a Land Grant from 1821, a document which, as discussed above, is of no

legal significance to this case. Because the Plaintiff's Complaint does not comply with the requirements of O.C.G.A. § 23-3-62, he failed to state a claim for quiet title for which relief can be granted. *See GHG, Inc., supra*, 274 Ga. at 366 (1), 566 S.E.2d 622. *See also Bank of America, N.A. v. Johnson*, 299 Ga. 861, 864 (2), 792 S.E.2d 704 (2016) (holding trial court properly granted motion to dismiss petition for quiet title where petitioner never alleged that security deed on property had been relinquished back to him or otherwise cancelled, and he admitted he had not satisfied the debt).

### C.   Plaintiff cannot argue the validity of the assignments of security deed.

Plaintiff also attempts to argue that the lien on the Property memorialized by the Security Deed and Assignments are invalid, thereby giving him exclusive title to the Property. (A copy of the Assignment of Security Deed from Mortgage Electronic Registration Systems, Inc. as nominee for Home Star Mortgage Services, LLC to CitiMortgage, Inc., recorded with the Henry County Clerk of Superior Court on or about June 25, 2013 is attached hereto as Exhibit "4" and a copy of the Assignment of Security Deed from CitiMortgage, Inc. to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust H recorded with the Henry County Clerk of Superior Court on or about June 2, 2020 is attached hereto as Exhibit "5.")

Plaintiff's arguments regarding the validity of the assignments of the security deed fail because he was not a party to the assignments and has no standing to challenge them.  A person who is not a party to a contract, or an intended third-party beneficiary of a contract, lacks standing to challenge or enforce a contract under Georgia law. *Haynes v. McCalla Raymer, LLC*, 793 F.3d 1246, 1251 (11th Cir. 2015) (*citing Haldi v. Piedmont Nephrology Assocs., P.C.,* 641 S.E.2d 298, 300 (Ga. 2007); *Breus v. McGriff*, 413 S.E.2d 538, 539 (Ga. App. 1991). Because Plaintiff was not a party to the assignments, this legal theory fails as a matter of law.  *See Montgomery v. Bank of Amer.*, 740 S.E.2d 434,437038 (Ga. App. 2013) (under Georgia law, a homeowner did not have standing to bring a claim for wrongful foreclosure where he was not a party to an allegedly forged assignment nor an intended beneficiary); *Restivo v. Bank of Amer. Corp.*, 2015 WL 4100387 at *3 (11th Cir. July 8, 2015) (unpublished) (*citing Montgomery*).

### D. Plaintiff's allegations regarding the securitization of the Security Deed are without merit.

Plaintiff spends over three pages of his Complaint attempting to argue that the securitization of the Loan prevents the Defendants from being considered a proper "holder" or "holder in due course" and as a result, Wilmington and/or Carrington "does not have standing to move forward with collection of the debt." *See id.* ¶ 24.

Presumably, Plaintiff is also, in turn, attempting to argue that the Defendants lack a

valid lien on his Property, thereby clouding title to the Property.

As this Court discussed in *Jorgensen v. Fed. Home Loan Mortg. Corp*., 2013

WL 5200598 at *3 (N.D. Ga. Sept 13, 2013):

> [s]uch lawsuits—wherein the plaintiffs often make
> rambling, incomprehensible and/or conclusory allegations
> about mortgage industry practices such as the
> securitization of mortgages . . .and demand to see the [wet-
> ink] promissory note—have become commonplace.

Plaintiff's arguments are meritless. *See, e.g., Goodridge v. Quicken Loans, Inc*.,

2014 WL 5364947 at *5 (S.D. Ga. Oct. 21, 2014) ("The Court is unaware of any

legal authority-and the [plaintiffs] provide none-supporting the proposition that the

securitization of a debt insulates a debtor from foreclosure or relieves a debtor of the

obligation to repay."); *Tonea v. Bank of Amer., N.A*., 2014 WL 1092348 at *3 (N.D.

Ga. March 18, 2014); *Jorgensen*, 2013 WL 5200598 at *3; *Williams v. Wells Fargo

Bank, N.A.*, 2013 WL 1189500 at *2 (N.D. Ga. March 21, 2013) ("Assuming that

plaintiff's Note was used as an investment instrument, there is no legal or factual

basis for concluding that the Note was invalidated, or the debt rendered uncollectible

by [the securitization] process."); *Montoya v. Branch Banking & Trust Co*., 2012

WL 826993, at *6 (N.D. Ga. March 9, 2012).

## II.   Plaintiff's Claim for Slander of Title in Count II Fails to State A Claim For Relief Against Defendants

Under Georgia law, "[t]he owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." O.C.G.A. § 51-9-11. Slander of title requires that the plaintiff prove: "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." *Latson v. Boaz*, 278 Ga. 113, 114 (2004) (citation omitted); *See Premier Cabinets v. Bulat*, 261 Ga. App. 578, 583(6), 583 S.E.2d 235 (2003).

Plaintiff's allegations are not supported by any specific facts beyond the blanket claim that the Assignment of Security Deed recorded by the Defendant in the Public Records of Henry County, Georgia is a publication of slanderous words." *See* Complaint ¶ 44. As discussed in detail above, Plaintiff has not provided any factual allegations supporting the claim that the Assignment of Security Deed contains false information thereby resulting in slandered title.

As discussed in detail above, Plaintiff's arguments that Defendants' lien on the Property was invalidated during the securitization process by transferring the note to an invalid trust or some other alleged impropriety related thereto are nothing more than legal conclusions.  As a result, Plaintiff's slander of title claim must fail.

- 14 -

II.    **Plaintiff's Claim for Declaratory Judgment in Count III Fails to State A Claim For Relief Against Defendants**

Plaintiff seeks declaratory judgment that the Defendants have no legal or equitable rights in the Note and Security Deed for the purposes of enforcing the Note. *See* Complaint ¶ 47.

A declaratory judgment is authorized when there are circumstances showing a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest. *Sparra v. Deutsche Bank Nat. Trust Co.*, 336 Ga. App. 418, 422(1)(e), 785 S.E.2d 78 (2016) (citation and punctuation omitted). "[W]here the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper[.]" *Walker v. Owens*, 298 Ga. 516, 519, 783 S.E.2d 114 (2016) (citation and punctuation omitted).

The Plaintiff's allegations and documents attached to the Complaint, along with the documents attached to this Motion, make clear that Plaintiff is not entitled to the declaration he seeks. In his Complaint, Plaintiff states that he executed a Security Deed upon purchasing the Property and an Assignment of that Security Deed to the Defendant was recorded in the Public Records of Henry County. The

Security Deed, Promissory Note, and Assignments of Security Deed attached hereto as Exhibits 2, 3, 4, and 5 all show that the Defendants have a security interest in the Property.  Plaintiff also does not dispute that he executed a Promissory Note and Security Deed at the time of purchasing the property in 2003. Plaintiff asserts only legal conclusions and has not shown that he is in a position of uncertainty as to an alleged right. As such, Count III should be dismissed.

## CONCLUSION

WHEREFORE, Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves to dismiss Plaintiff Ricky R. Franklin's Complaint (Doc. No. 1) in its entirety for failure to state a claim, with prejudice and without leave to amend, and for any further relief the Court deems just and proper.

Respectfully submitted this 14th day of December, 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794
Regions Plaza, Suite 1800
1180 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 817-8500
Fax:  (404) 881-0470

E-Mail: grant.schnell@hklaw.com

*Counsel for Defendant*
*Carrington Mortgage Services, LLC*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing document was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

This 14th day of December 2020.

**HOLLAND & KNIGHT LLP**

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing **MOTION TO DISMISS PLAINTIFF RICKY R. FRANKLIN'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF system participants, and mailed a paper copy of same by United States Postal Service, first-class, postage prepaid, to parties and counsel of record who are non-CM/ECF participants, properly addressed upon:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

*Via U.S. Mail Only*

Respectfully submitted this 14th day of December, 2020.

HOLLAND & KNIGHT LLP

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794