FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

DEC 2 2 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN | § | Civil Action No:1:20-cv-4661-SDG |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| CARRINGTON MORTGAGE | § | |
| SERVICES, LLC | § | |
| and | § | |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB AS TRUSTEE OF | § | |
| STANWICH MORTGAGE LOAN | § | |
| TRUST H | § | |
| and | § | |
| JOHN DOE CORPORATION | § | |
| 1 TROUGH 5 | § | |
| all who true names are unknown | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS WITH SUPPORTING MEMORANDUM OF LAW

On December 14th, 2020, Defendant filed its motion to dismiss (Dkt 6).

Pursuant to the Local Rules of the Court, Plaintiff now timely responds and as

discussed below, the Defendants Motion to dismiss should be denied.

# I. INTRODUCTION

A petition of "Quiet Title" is subject to dismissal **only** when on the face of the pleadings it appears that it is in noncompliance with OCGA § 23-3-60 et seq. *GHG, INC. et al. v. BRYAN* et al. No. S02A0630 (Ga. 2002) Plaintiffs seeks a declaration that he is the exclusive titleholders to his residential property, that the deed which purported to convey the exclusive title to the property was in fact an equitable mortgage, and that all invalid assignments subsequently executed and purportedly encumbering the Plaintiffs property are void-able. Plaintiff filed an unrecorded deed from 1821 conveyed from Georgia Land Lotteries on May 29th 2014. This written instrument of Land Grant is conveyed and assigns forever a written legal title to the Plaintiff. (See Exhibit A)

# II. STANDARD OF REVIEW

Quiet title actions may not be dismissed for failure to state a claim if they meet the minimum pleading standards under O.C.G.A. § 9-11-12(b)(6). In determining whether a complaint states a claim upon which relief can be granted, courts accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003). To survive a motion to dismiss, a complaint must allege facts that, if true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.

Ct. 1937, 1949 (2009) (quotations omitted). A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Id.* The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

## III. ARGUMENT

### A. Plaintiff's Quiet Title Claim

The Supreme Court of Georgia has well established that that A petition of "Quiet Title" is subject to dismissal only when on the face of the pleadings it appears that it is in noncompliance with OCGA § 23-3-60 et seq. *GHG, INC. et al. v. BRYAN* et al. No. S02A0630 (Ga. 2002) Quiet title actions may not be dismissed for failure to state a claim if they meet the minimum pleading standards under O.C.G.A. § 9-11-12(b)(6). The petitioner must file with the petition: (1) a plat of survey of the land; (2) a copy of the immediate instrument(s), if any, upon which petitioner's interest in the land is based; and (3) a copy of the immediate instrument(s), if any, upon which any person might base an interest in the land adverse to the petitioner. O.C.G.A. § 23-3-62(c) Plaintiff met this standard by

filing all of the above mentioned items with the Superior Court of Henry County on October 16th 2020.

Under the Georgia Quiet Title Act, [a]ny person who claims an interest in land may bring a proceeding to establish title to land, determine all adverse claims, or to remove clouds on his title.  See...*Smith v. Ga Kaolin Co*., 264 Ga. 755, 756 (2) (449 SE2d 85) (1994)  In *Johnson v Bank Of America* ( July 14, 2015,Civ. Action No. A15A0688, Ga Ct App, p5)  the Georgia Court of Appeals ruled (A Plaintiff in a quiet title action need not be a party to possible clouds in order bring a quiet title action in an attempt to remove those clouds)  In Johnson, the Court further stated...that although Johnson was not a party to the assignments that he challenges does not destroy his standing to assert that those assignments are clouds upon his title.  Similar to Johnson, Plaintiff is asserting that the assignment filed in the superior court in June of 2020 is a cloud upon Plaintiffs Land Grant that has been on public record since May 2014.

**B.  Plaintiff's Is A Fee Simple Owner By Way Of A Land Grant**

Plaintiff is an assignee to a Land Grant/Patent that was updated in Henry County Superior Court since May 29th 2014.  (Exhibit A) ) A Patent or grant in terms is synonymous.  *See...Northern Pacific Railroad Co. v. Bardern 46 F. 592, 617 (1891)* A Grant/Patent cannot be avoided at law in a collateral proceeding

unless it is declared void by statute.  This Grant is unimpeachable at law, except

when it appears on its face to be void.  Once perfect on its face, it is not to be

avoided in a trial at law by anything other than an older Grant.  *Hooper et al v*

*Scheimer*, 64 US. (23 how) 235 (1859) The Land Grant instrument is conveyed

from the Archives of Georgia by the Director and reads:

> I, Christopher M. Davidson, J.D., Director of The Georgia Archives, do
> hereby certify that the one page document hereto attached and made part of
> this certificate is a true and correct copy of page 1 of 1821 Land Lottery Henry
> County Register of Grants, showing Henry County, District 12, Land Lot 5,
> and I further certify that the described grant book is on file and of official
> record in the Archives of the State of Georgia.  ( Exhibit A, ¶ 1)

A patent/grant for land is the highest evidence of title and is conclusive as

against the government and all claiming under junior patents or titles (*United*

*States v. Stone*, 2 US 525)." "The land patent is the highest evidence of title and is

immune from collateral attack" [*Raestle v. Whitson*, 582p. 2d 170,172 (1978)]

"that the patent carries the fee and is the best title known to a court of law is settled

doctrine of this court," [*Marshall v. Ladd*, 7 Wall. (74 U.S.) 106 (1869)] a patent is

the highest evidence of title, and is conclusive against the government and all

claiming under junior titles, until it is set aside or annulled by some judicial

tribunal." [*Stone v. United States,* 1 Well. (67 U.S. 765 (1865)] "the patent is the

instrument which, under the laws of congress, passes title from the United States

and the patent when regular on its ,face, is conclusive evidence of title in the

patentee, when there is a confrontation between two parties as to the superior legal title, the patent is conclusive evidence as to ownership." [*Gibson v. Chauteau,* 13 Wall 92 (1871)] "the patent is prima facie conclusive evidence of the title." [*Marsh v. Brooks*, 49 U.S. 223,233 (1850)] "a patent, once issued, is the highest evidence of title, and is final determination of the existence of all facts," [*Walton v. United States*, 415 f2d 121,123 (10th cir. (1969)] "state statutes that give less authoritative ownership of title than the patent can not even be brought into federal court." [*Langdon V. Sherwood*, 124 U.S. 74,81 (1887)]

For the Defendants part, they claim that the Land Grant is illegible; Plaintiffs original filing is readable and states:

I HAVE GIVEN AND GRANTED, and by these presents, in the name and behalf of this State, DO GIVE AND GRANT, unto Henry Ezell of Whites District of Jasper County his heirs and assigns forever, all that Tract or Lot of Land, containing two hundred two and a half acres, situate, lying and being in the Twelfth district of Henry county, in the said State, which said Tract or Lot of Land is known and distinguished in the plan of said district by the Number Five …having such shape, form and marks as appear by a plat of the same hereunto annexed. To have and to hold the said tract or lot of land, together with all and singular the rights, members and appurtenances thereof, whatsoever unto Henry G Ezell his heirs and assigns; to his and their proper use, benefit and behoof forever in fee simple. (Exhibit A,¶ 6)

As recent as 2014, the U.S. Supreme Court has ruled that a Land Paten/Grant gives a fee simple title. Chief Justice Roberts delivered the opinion of the Court and Specified:

(A land patent is an official document reflecting a grant by a sovereign that is made public, or "patent.") The patent conveyed to the Brandts fee simple title to the land "with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto said claimants, their successors and assigns, forever." *Marvin M. Brandt Revocable Trust v. United States* 572 U.S. (2014)

**C.  The Assignment Made Public Is Slander Against Plaintiffs Title**

The recording of this void assignment brings slander on the Plaintiffs fee simple title. (Exhibit B) The elements of a slander of title claim require a plaintiff to present evidence that a defendant recorded a document in the public deed records. *Giles v. Swimmer,* Case No. S11A1371, (Ga., March 5, 2012), The Georgia the Supreme Court has also recently ruled that a Plaintiff does have standing to challenge the validity of an assignment, if a person can show injury.  See…*Ames et al v. JP Morgan Chase,* S15G1007, March 7, 2016, 298 Ga. 732 GA.

**D.  Defendants Did Not Present The Note For Inspection To Plaintiff**

The original Note is needed to validate any interests that the Defendant has in this matter.   The "best evidence" rule allows for authentic documents to be used to determine authenticity of all documents.  Fed. R. Evid. 1002 Furthermore, under Universal Commercial Code (U.C.C) Article 3§3-501, Georgia adopted, Plaintiff is entitled for presentment of the instrument.  On May 5th, 2020 Plaintiffs sent the Defendant Qualified Written Request of the inspection of his ORIGINAL WET INK SIGNATURE PROMISSORY NOTE.  As such, Defendants had an

obligation to present Plaintiff with the promissory note within the state of Georgia in Henry county. (Exhibit C) Defendants ignored Plaintiff's requests and as result Plaintiff was not obligated to continue payments to either Defendant.   U.C.C. 3§ 3-501 et seq allows for a borrower to discontinue payments without dishonor until the obligations of law have been met.  The Defendants must present the the original instruments (Note and Deed to the Plaintiff in order to prove standing in it's interests in land.  Because Defendant refused to honor the Plaintiffs request, the Defendants motion to dismiss Judgment on the should be denied.

## E.  No Tender Is Required

Plaintiff is alleging that neither Defendant holds Plaintiff's note, so no tender is required.  A third party acting as a grantor, with no authority...filed an assignment into the public records of Henry County on June 2nd 2020.  (Exhibit D)The note and the security deed are void, and Defendants have engaged in inequitable conduct that which would not require tender of any payments to Defendants. (Comp ¶ 36) See... *Everson v. Franklin Discount Co.*, 285 S.E.2d 530, 533 (Ga. 1982) (If Plaintiff succeeds in proving that both Defendants is not the holder of the note then no tender would be required because no sum would be due to Defendants under the note); See also, *Sapp v. ABC Credit & Inv. Co.*, 253 S.E.2d 82, 87 (Ga. 1979); *Davis v. Atlanta Fin. Co.*, 129 S.E. 51, 52 (Ga. 1925) *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Cmty. Trust,* 298 Ga. 221, 236, 780 S.E.2d

311, 324 (2015). (tender is not an absolute rule, especially where it is alleged that a party procured the sale of the property through its own improper conduct)

## IV. CONCLUSION

For the foregoing reasons above, Plaintiffs respectfully requests the Court deny Defendant's Motion to Dismiss (Dkt 6).


Respectfully submitted, December 23rd 2020

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via mail

on December 23rd 2020 to Defendant's Counsel listed below:

**HOLLAND & KNIGHT LLP**

**GRANT SCHNELL**

**1180 West Peachtree St, NW, Suite 1800**

**Atlanta, GA 30309**

**COUNSEL FOR DEFENDANTS CARRINGTON MORTGAGE SERVICES,**

**LLC AND WILMINGTON SAVINGS FUND SOCIETY, FSB**

Plaintiff, *Pro-Se*

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

# EXHIBIT A

Exhbit A

# STATE OF GEORGIA



The Georgia Archives, University System of Georgia

I, Christopher M. Davidson, J.D., Director of The Georgia Archives, do hereby certify that the one page document hereto attached and made part of this certificate is a true and correct copy of page 113 of 1821 Land Lottery Henry County Register of Grants, showing Henry County, District 6, Land Lot 12, and I further certify that the described grant book is on file and of official record in the Archives of the State of Georgia.

IN TESTIMONY WHEREOF, I have set my hand and affixed the Official Seal of the State of Georgia this twenty-ninth day of April, 2014

Christopher M. Davidson

Director, The Georgia Archives



1

Exhibit A2

# STATE OF GEORGIA



The Georgia Archives, University System of Georgia

I, Christopher M. Davidson, J.D., Director of The Georgia Archives, do hereby certify that the one page document hereto attached and made part of this certificate is a true and correct copy of page 1 of 1821 Land Lottery Henry County Register of Grants, showing Henry County, District 12, Land Lot 5, and I further certify that the described grant book is on file and of official record in the Archives of the State of Georgia.

IN TESTIMONY WHEREOF, I have set my hand and affixed the Official Seal of the State of Georgia this twenty-ninth day of April, 2014

*Christopher M. Davidson*

Director, The Georgia Archives



2



RECORDING REQUESTED BY

WHEN RECORDED MAIL TO:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

Doc ID:    016771190012 Type: MISC
Recorded: 05/29/2014 at 11:33:13 AM
Fee Amt: $30.00 Page 1 of 12
Henry, GA Clerk of Superior Court
Barbara Harrison Clerk of Court
BK **13587** PG **216-227**

# DECLARATION OF ASSIGNEE'S UPDATE OF LAND GRANT

TO WHOMEVER IT MAY CONCERN:

This DECLARATION is directed to be attached to all deeds and/or conveyances in the name of the parties above shown as requesting recording of this document, in a manner known a nunc pro tunc (as it should have been from the beginning).

KNOWN YE ALL MEN THAT BY THESE PRESENTS: I **Ricky R. Franklin** DO SEVERALLY CERTIFY AND DECLARE THAT I BRING UP THE LAND GRANT IN MY NAME.  THE ASSIGNEE TO THE LAND GRANT THAT IS FILED AND KNOWN AS, THE 4TH GEORGIA LAND LOTTERIES OF 1821:  REGISTERED AS 1821 LAND LOTTERY HENRY COUNTY REGISTER OF GRANTS

SAID COPY OF WHICH IS ATTACHED HERETO.

1.  I, FURTHER CERTIFY THAT I AM THE ASSIGNEE TO A PORTION OF SAID GRANT WHICH IS LEGALLY DESCRIBED AS ATTACHED HERETO AND MADE PART HERETO AND MADE APART HERETO AND MADE APART HEREOF BEING THE ONLY WAY A PERFECT, PARAMOUNT, AND ALLODIAL TITLE CAN BE HAD IN My NAME, AND PARTICULARLY THE FOLLOWING DESCRIBED LAND SO SOUGHT TO BE GRANTED:

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 5 OF THE 12TH DISTRICT AND LAND LOT 12 OF THE 6TH DISTRICT, HENRY COUNTY, GEORGIA, BEING LOT 162, AVIAN FOREST SUBDIVIVISION, PHASE III, SECTION A, A PER PLAT RECORDED IN PLAT BOOK 35, PAGE 243-245, HENRY COUNTY RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.**

GEORGIA, HENRY COUNTY
I CERTIFY THAT THE FOREGOING
IS A TRUE AND EXACT COPY OF THE
ORIGINAL WHICH APPEARS OF RECORD
IN THIS OFFICE. BK _13587_
PG _216-227_
IN WITNESS WHEREOF I HAVE
THIS _2nd_ DAY OF _June, 2014_
AFFIXED MY SEAL AND SIGNATURE
_Jacqueline S. Young, Deputy Clerk_
BARBARA A. HARRISON - HENRY SUPERIOR COURT

1

3

EXHIBIT A-4

IF THIS DECLARATION OF LAND GRANT IS NOT CHALLENGED BY SOMEONE IN A COURT OF LAW WITHIN SIXTY (60) DAYS FROM THE DATE OF FILING, THE ABOVE DESCRIBED PROPERTY SHALL BECOME MINE AS ALLODIAL FREEHOLD, AND THEN THIS LAND GRANT SHALL BE UPDATED IN MY NAME, SUBJECT TO THE LIMITATION STATED HEREIN.

2. NOTICE OF PRE-EMPTIVE RIGHT. PURSUANT TO THE DECLARATION OF INDEPENDENCE(1776), THE TREATY OF PEACE WITH GREAT BRITAIN (8STAT) KNOWN AS THE TREATY OF PARIS [1793] AN ACT OF CONGRESS [3STAT.566, APRIL 24, 1824], THE OREGON TREATY [9STAT.869, JUNE 15, 1846], THE HOMESTEAD ACT [12STAT.392, 1862] AND 43 USC SECTIONS 57, 59, AND 83; THE RECEIPIENT HEREOF IS MANDATED BY ART. VI SECTIONS 1, 2, AND 3; ART. IV SECTIONS I CL. 1&2; SECTION 2 CL. 1 8t 2; SECTION 4; THE 4TH, 7TH, 9TH, AND 10TH AMENDMENTS [U.S. CONSTITUTION, 1781-91] TO ACKNOWLEDGE ASSIGNEE'S UPDATE OF GRANT OR PATENT PROSECUTED BY AUTHORITY OF ART. III SECTION 2 CL. 1&2 ENFORCED BY ORIGINAL/EXCLUSIVE JURISDICTION THEREUNDER AND IT IS THE ONLY WAY TO PERFECT TITLE CAN BE HAD IN MY NAME, WILCOX vs JACKSON, 13 PET. (U.S.) 498, 101. ED 264; ALL QUESTIONS OF FACT DECIDED BY THE GENERAL LAND OFFICE ARE BINDING EVERYWHERE. AND INJUNCTIONS AND MANDAMUS PROCEEDING WILL NOT LIE AGAINST IT, LITCHFIELD vs. THE REGISTER, 9 WALL (U.S.) 575, 19L. ED. 681. THIS DOCUMENT IS INSTRUCTED TO BE ATTACHED TO ALL DEEDS AND/OR CONVEYANCE IN THE NAME OF THE ABOVE PARTY.

3. LAWS OF THE LAND; THIS GRANT IS PROTECTED THROUGH THE CREATION ON THE LAWS OF THE STATE OF GEORGIA OF THE GENERAL ASSEMBLY OF DEC. 1837; THE CONSTITUTION OF THE UNITED STATES; THE CONSTITUION OF THE STATE OF GEORGIA AS AMENDED; HIS EXCELLENCY JOHN CLARK GOVERNOR AND COMMANDER IN CHIEF OF THE ARMY AND NAVY OF THIS STATE, AND OF THE MILITIA THEREOF; AN ACT TO MAKE DISTRIBUTION OF THE LATE CESSION OF LANDS, OBTAINED FROM THE CREEK NATION BY THE UNITED STATES COMMISSIONERS, IN A TREATY ENTERED INTO AT OR NEAR FORT WILKINSON, ON THE 16TH DAY OF JUNE, 1802-APPROVED MAY 11, 1803. VOL II. 100.; AN ACT TO DISPOSE OF AND DISTRIBUTE THE LANDS LATELY ACQUIRED BY THE UNITED STATES FOR THE USE OF GEORGIA, OF THE CREEK NATION OF INDIANS, BY A TREATY MADE AND CONCLUDED AT THE INDIAN SPRINGS, ON THE 8TH DAY OF JANUARY, 1821; AND TO ADD THE RESERVE AT FORT HAWKINS TO THE COUNTY OF JONES APPROVED MAY 15, 1821. VOL IV. 246; THIS EMBRACES THE TERRITORY BETWEEN THE OCMULGEE AND FLINT, ABOVE IRWIN AND BELOW COBB COUNTY.

2

4

4. Legal description of HENRY COUNTY

ALL THAT PART OF SAID TERRITORY WHICH LIES EAST OF THE LAST-MENTIONED LINE, AND A LINE COMMENCING AT THE CORNER OF MONROE COUNTY TO THE CHATTAHOOHEE, SHALL FORM ONE OTHER COUNTY TO BE CALLED HENRY.

5. DISCLAIMER; NO CLAIM IS MADE HEREIN THAT I HAVE BEEN ASSIGNED THE ENTIRE TRACT OF LAND AS DESCRIBED IN ORIGINAL GRANT, MY ASSIGNMENT IS INCLUSIVE ONLY TO THE ATTACHED OR ABOVE LISTED LEGAL DESCRIPTION. THE FILING OF THIS DECLARATION OF LAND GRANT SHALL NOT DENY OR INFRINGE ON ANY RIGHT, PRIVILEGE OR IMMUNITY OR ANY OTHER ASSIGNEE TO ANY OTHER PORTION OF LAND COVERED IN THE ABOVE DESCRIBED GRANT.


MEMORANDUM OF LAW ON RIGHTS, PRIVILEGES AND IMMUNITIES

ALLODIAL, FREE; NOT HOLDEN OR ANY LORD OR SUPERIOR; OWNED WITHOUT OBLIGATION OF VASSALAGE OR FEALTY: THE OPPOSITE OF FEUDAL. Baker V. Dayton, 28 Wis. 384; Wallace V. Harmstad, 44 Pa. 499: (Black's Law Dictionary, 4th Edition).

ALLODIUM. LAND HELD ABSOLUTELY IN ONE'S OWN

RIGHT, AND NOT OF ANY SUPERIOR; LAND NOT SUBJECT TO

THE GRANT ALONE PASSES LAND FROM the united States of America TO THE STATE OF GEORGIA TO THE GRANTEE AND NOTHING PASSES A PERFECT TITLE TO PUBLIC LANDS BUT A GRANT/PATENT. Wilcox v. Jackson, 13 Peter (US) 498;

AS ASSIGNEE, WHETHER HE BE THE FIRST, SECOND OR THIRD PARTY TO WHOM THE TITLE IS CONVEYED SHALL LOSE NONE OF THE ORIGINAL RIGHTS PRIVILEGES OR IMMUNITIES OF THE ORIGINAL GRANTEE OF LAND GRANT/PATENT. The U.S. Constitution STATES IN ARTICLE I, SECTION 10, CLAUSE 1, "No state shall ... impair the obligations of contract.";

IMMUNITY FROM COLLATERAL ATTACK: Collins v. Bartlett, 44Cal 371: Webber v. Pere Marquete Boom Co., 62 Mich 626, 30 NW 469: Surgest v. Dow, 24 Miss 118L Pittsmont: Copper Co. v. Vanina, 71 Mont 44 Pac 461 Green v. Barker, 47 Neb 934 66 NW 1032.

No. ??

_____ _Clark_ Governor, and

Commander in Chief of the Army and Navy of this State and

of the Militia thereof.

TO ALL TO WHOM THESE PRESENTS SHALL COME, _GREETING:_

KNOW YE, That in pursuance of an act of the General Assem-

bly, passed 15th of May, 1821, for making distribution of the land lately acquired of

the Creek Nation of Indians, and forming the counties of Dooly, Houston, Monroe, Fay-

ette and Henry, in this State, I HAVE GIVEN AND GRANTED, and by these pre-

sents, in the name and behalf of this State, DO GIVE AND GRANT, unto _Henry_

_G. Ezell of Whites District Jasper_

_County his_ _____ " _____ "

heirs and assigns forever, all that Tract or Lot of Land, containing two hundred two and

a half acres, situate, lying and being in the _Twelfth_ _____

district of _Henry_ _____ _____ county, in the said State, which said

Tract or Lot of Land is known and distinguished in the plan of said district by the Num-

ber _Five_ _____ having such shape,

form and marks as appear by a plat of the same hereunto annexed: To have and to hold

the said tract or lot of land, together with all and singular the rights, members and ap-

purtenances thereof, whatsoever, unto the said _Henry G Ezell his_

_____ " _____ heirs and assigns; to _his_ _____ and their proper use, benefit

and behoof forever in fee simple.

GIVEN under my hand and the Great Seal of the State, this _Eighth_

day of _December_ in the year of our Lord eighteen hundred and

_Twenty one_ and of the forty _Sixth_ year of American

Independence.

Signed by His Excellency the Governor, the
8 day of _December_ 1821    _John Clark_

_John Burch_ S. E. D.

Registered the _Twenty third_ day of _March_ 1822

6

... in the name and behalf of this State, DO GIVE AND GRANT, unto

*Sands Standley of Fayette's district*
*Tattnall County* his

heirs and assigns forever, all that Tract or Lot of Land, containing two hundred two and
a half acres, situate, lying and being in the *Tenth*
district of *Henry* county, in the ... ...
Tract or Lot of Land is known and distinguished in the plan of said district by the Number
... *Twelve* having ...
... and marks as appear by a plat of the same hereunto ... To HAVE AND TO HOLD
the said tract or lot of land, together with all and singular the ... ...
partenances thereof, whatsoever, unto the said *Sands Standley* ...
*his* heirs and assigns ; to *his* ... and their proper use, benefit
and behoof forever in fee simple.

GIVEN under my hand and the Great Seal of the State, the *twenty Second*
day of *November* in the year of our Lord eighteen hundred and
*twenty three* and of the forty *Eighth* year of American
Independence.

By *N. Troup*

Signed by His Excellency the Governor, the
*22* day of *November* 1823

*Mirabeau B Lamar* S.E.D.

Registered the *28* day of *November* 1823.



7

Exhibit

Acknowledgment/Jurat

DATE: _May 28_____ 2014   _Ricky_____

Signature:  Ricky R. Franklin

Witness _Tatina Harrington_____

STATE OF GEORGIA
COUNTY OF HENRY

On this _28_ day of ___May_____, _2014_____before me,
_Tatiana Fritzgerald_, personally appeared Ricky R. Franklin, know to me (or satisfactorily proven) to the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same as Homestead for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal

_Tatiana Fritzgerald_____
Notary Public

_Parker_____
Title (and Rank)
My commission expires _02/06/2018_

| Documents | Grantee Assignee Notice of update of Land Grant, Stapled 4 pages |
|---|---|
| Exhibit A | Original Land Grant from Georgia Division of Archives and History, 4 pages, |
| Exhibit B | Certified Plat, 1 Page, |
| Exhibit C | Certified Warranty Deed |
| Exhibit D | Homestead declaration, 2 pages. |

4

8

When Recorded, Return to:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281

# DECLARATION OF HOMESTEAD

1.  I, Ricky R. Franklin, DO HEREBY DELCARE:

2.  THAT MY MAILING ADDRESS FOR MY HOMESTEAD IS:
    708 Brambling Way
    Stockbridge, GA 30281

3.  I am now residing on the Land and premises located in the city of Stockbridge, County of Henry, State of Georgia, known and legally described as:

**ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 5 OF THE 12TH DISTRICT AND LAND LOT 12 OF THE 6TH DISTRICT, HENRY COUNTY, GEORGIA, BEING LOT 162, AVIAN FOREST SUBDIVIVISION, PHASE III, SECTION A, A PER PLAT RECORDED IN PLAT BOOK 35, PAGE 243-245, HENRY COUNTY RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.**

4.  I am DECLARED HOMESTEAD HEAD OF HOUSEHOLD OWNER OF THE DECLARED HOMESTEAD.

5.  NO FORMER DECLARATION OF HOMESTEAD HAS BEEN MADE BY ME EXCEPT AS HAS BEEN ABANDONED.

DATE: 28 MAY _____ 2014 _____
                                    Signature:  Ricky R. Franklin

STATE OF GEORGIA
COUNTY OF HENRY

1

Exhibit A 15

I _Tatiana Fritgerald_, being duly sworn on oath, deposes and says: that as signer to this DECLARATION OF HOMESTEAD, all statements made herein are true and correct to the best of my knowledge and belief.

On this _29_ day of _May_____, _2014_____before me, _Tatiana Fritgerald___, personally appeared Ricky R. Franklin, know to me (or satisfactorily proven) to the person whose name is subscribed to the within instrument and acknowledged that he/she executed the same as Homestead for the purposes therein contained.

In witness whereof I hereunto set my hand and official seal

_____
Notary Public

_____
Title (and Rank)
My commission expires _02/06/2018_

TATIANA FRITZGERALD
CLAYTON COUNTY, GEORGIA
NOTARY PUBLIC
MY COMMISSION EXPIRES
02/06/2018

2

10

SEAL OF HENRY SUPERIOR COURT A.D. 1822 GEORGIA

# PLAT BOOK 35 PAGE 244

Approved for recording

Director, Henry County Building Department / Henry County Board of Commissioners — 7/26/02 Date

**City of Stockbridge Approval:**

THIS PLAT HAS BEEN SUBMITTED TO AND CONSIDERED BY THE CITY OF STOCKBRIDGE LOCATED IN HENRY COUNTY GEORGIA AND IS APPROVED ON THIS 26 DAY OF July 2002

7-26-02

MAYOR, City of Stockbridge

**STATE OF GEORGIA - HENRY COUNTY:**

THE OWNER OF THE LAND SHOWN ON THIS PLAT AND WHOSE NAME IS SUBSCRIBED HERETO, IN PERSON OR THROUGH A DULY AUTHORIZED AGENT, ACKNOWLEDGES THIS PLAT WAS MADE FROM AN ACTUAL SURVEY AND DEDICATES TO THE USE OF THE PUBLIC FOREVER ALL STREETS, PARKS, WATER COURSES, DRAINS, EASEMENTS AND PUBLIC PLACES HEREON SHOWN FOR THE PURPOSES AND CONSIDERATIONS HEREIN EXPRESSED.

7/8/02

SANTA-MARC DEVELOPMENT
1543 VALLEY RESERVE COURT- KENNESAW, GEORGIA 30152 DATE
(24 HOUR CONTACT - TOM LASANTA PHONE: (770) 427-3778)

**NOTE:**
THERE ARE WETLANDS LOCATED ON THE PROJECT SITE AS SHOWN. DISTURBANCE IS PROPOSED WITHIN THE WETLANDS AREA.

**FLOOD NOTE:**
A PORTION OF THIS SITE LIES WITHIN A DESIGNATED FLOOD HAZARD AREA (ZONE A4) AS SHOWN. FLOOD AREA SHOWN IS PER HENRY COUNTY F.I.R.M. FLOOD MAP PANEL NO. 130468 0010 B.

**NOTES:**
SIDEWALKS REQUIRED BOTH SIDES OF STREET, 4' WIDE & 2' BEHIND CURB AND HANDICAP ACCESSIBLE AT ALL CORNERS. PRIOR TO RELEASE OF 2 YEAR MAINTENANCE BOND ALL SIDEWALKS MUST BE COMPLETED.

**WETLANDS NOTE:**
WETLANDS SHOWN ON THIS PLAT ARE UNDER THE JURISDICTION OF THE U.S.ARMY CORPS OF ENGINEERS. LOT OWNERS MAY BE SUBJECT TO PENALTY BY LAW FOR DISTURBANCE TO THESE WETLAND AREAS WITHOUT PROPER AUTHORIZATION.

THE FIELD DATA UPON WHICH THIS PLAT IS BASED HAS A CLOSURE PRECISION OF ONE FOOT IN 43,3000 FEET AND AN ANGULAR ERROR OF 02" PER ANGLE POINT AND WAS ADJUSTED USING THE COMPASS RULE. THIS PLAT HAS BEEN CALCULATED FOR CLOSURE AND WAS FOUND TO BE ACCURATE WITHIN ONE FOOT IN 100,000+FEET. EQUIPMENT USED: TOPCON GTS 313

**SURVEYOR'S CERTIFICATION**
I HEREBY CERTIFY THAT THIS PLAT WAS MADE FROM A TRUE AND CORRECT SURVEY MADE ON THE GROUND UNDER MY SUPERVISION AND THAT IRON PINS WERE PLACED AT ALL LOT CORNERS AND THAT THIS PLAT MEETS ALL THE REQUIREMENTS OF THE LAW AND OF HENRY COUNTY.

7-25-02

RICKY L. NIXON, R.L.S. DATE

GEORGIA, HENRY COUNTY
I CERTIFY THAT THE FOREGOING IS A TRUE AND EXACT COPY OF THE ORIGINAL WHICH APPEARS OF RECORD IN THIS OFFICE, BK 35 PG 244-244
IN WITNESS WHEREOF I HAVE THIS 21 DAY OF April 2014 AFFIXED MY SEAL AND SIGNATURE
BARBARA A. HARRISON - HENRY SUPERIOR COURT

HENRY COUNTY MAP 31Q
ALL BLOCK 1
PARCEL #'s
SAME AS LOT #'s

PB 35 PG 244

FILED IN OFFICE HENRY COUNTY SUPERIOR COURT
JUL 30 2002 / 11:26 Am
CLERK OF SUPERIOR COURT

**GENERAL NOTES:**
ZONING: RM
SETBACKS: FRONT-20' SIDE-8' REAR-35'
TOTAL NO. OF LOTS: 52 (PHASE III-SECTION A)
TOTAL LIN. FT. STREET: 1,102 (PHASE III-SECTION A)
GROSS AREA: 12.85 ACRES (PHASE III-SECTION A)
NET AREA: 10.9 ACRES (PHASE III-SECTION A)
GROSS LOT DENSITY: 4.04
NET LOT DENSITY: 4.77
MIN. HOUSE SIZE: 1,400 SQ.FT. (HEATED SPACE)
WATER & SEWER BY: HENRY COUNTY
ELECTRIC SERVICE BY: GEORGIA POWER

GRAPHIC SCALE 1"=50'

**OWNER/DEVELOPER:**
SANTA-MARC DEVELOPMENT
1543 VALLEY RESERVE COURT
KENNESAW, GEORGIA 30152

**24 HOUR CONTACT:**
TOM LASANTA
PHONE (770) 427-3778

## FINAL PLAT OF:
# AVIAN FOREST
## PHASE III SECTION A
## SHEET 2 OF 3

LOCATED IN LAND LOTS 4 & 5 OF THE 12th DISTRICT
LOCATED IN LAND LOT 12 OF THE 6th DISTRICT
HENRY COUNTY, GEORGIA

DATE: MAY 2, 2002 SCALE: 1"=50'

LANDMARK SURVEYING & PLANNING, INC.
Hudson 75 Business Park
218 Willis Drive
Stockbridge, Ga. 30281
Phone: (770) 507-3387
Fax: (770) 507-3389

•land surveying
•land planning
•land development design
•construction layout

Exhibit A11

06306
00098

BOOK **6306** PAGE  98

GEORGIA, HENRY COUNTY
I CERTIFY THAT THE FOREGOING
IS A TRUE AND EXACT COPY OF THE
ORIGINAL WHICH APPEARS OF RECORD
IN THIS OFFICE, BK  6306
PG  98-99
IN WITNESS WHEREOF I HAVE
THIS  21  DAY OF  April 2014
AFFIXED MY SEAL AND SIGNATURE
~~Barbara Harrison~~
BARBARA A. HARRISON - HENRY SUPERIOR COURT

DOC# 047490
FILED IN OFFICE
08/28/2003
02:22:00PM
BK:06306 PG:0098
JUDITH A. LEWIS
CLERK OF
SUPERIOR COURT
HENRY COUNTY, GA

REAL ESTATE TRANSFER TAX
HENRY COUNTY
SUPERIOR COURT

AUG 2 8 2003

PAID $  142.60

CLERK OF SUPERIOR COURT

RETURN DOCUMENT TO:
THE LAW OFFICES OF SAM MAGUIRE, JR., P.C.
4840 ROSWELL RD., BLDG. E-400
ROSWELL, GEORGIA 30342
(404)257-8885
FILE #0327930

## WARRANTY DEED

STATE OF GEORGIA
COUNTY OF FULTON

**This Indenture** made this 21st day of July, in the year 2003, between D. R. HORTON, INC. • TORREY, A DELAWARE CORPORATION, of the County of FULTON, State of Georgia, as party or parties of the first part, hereinafter called Grantor, and RICKY R. FRANKLIN, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

**W I T N E S S E T H that:** Grantor, for and in consideration of the sum of TEN AND 00/100'S ($10.00) Dollars and other good and valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 5 OF THE 12TH DISTRICT AND LAND LOT 12 OF THE 6TH DISTRICT, HENRY COUNTY, GEORGIA, BEING LOT 162, AVIAN FOREST SUBDIVISION, PHASE III, SECTION A, AS PER PLAT RECORDED IN PLAT BOOK 35, PAGE 243-245, HENRY COUNTY RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.

This Deed is given subject to all easements and restrictions of record, if any.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, Grantor has hereunto set grantor's hand and seal this day and year first above written.

Signed, sealed and delivered in the presence of:

D. R. HORTON, INC. • TORREY,
A DELAWARE CORPORATION

_____                    By: _____ (Seal)
Witness                                          ASST. SECRETARY

_____                    By: _____ (Seal)
Notary Public

A. MERCER
NOTARY
EXPIRES
GEORGIA
SEPT. 8, 2006
PUBLIC
COBB COUNTY

(Corporate Seal)

12

# EXHIBIT B

BK:17207 PG:275-275
Filed and Recorded
Jun-02-2020 08:00 AM
DOC# 2020 - 015684
BARBARA A. HARRISON
CLERK OF SUPERIOR COURT
HENRY COUNTY, GA
Participant ID: 5224125492

When Recorded Return To:
CitiMortgage, Inc.
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

CitiMortgage Loan No 2001160060

## ASSIGNMENT OF SECURITY DEED

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, CITIMORTGAGE, INC., WHOSE ADDRESS IS 1000 TECHNOLOGY DRIVE, O'FALLON, MO 63368, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Security Deed with all interest secured thereby, all liens and any rights due or to become due thereon to WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE OF STANWICH MORTGAGE LOAN TRUST H, WHOSE ADDRESS IS C/O 1600 SOUTH DOUGLASS ROAD, SUITE 110, ANAHEIM, CA 92806, ITS SUCCESSORS AND ASSIGNS, (ASSIGNEE).
Said Security Deed is executed by RICKY R. FRANKLIN to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS GRANTEE, AS NOMINEE FOR HOME STAR MORTGAGE SERVICES, LLC, ITS SUCCESSORS AND ASSIGNS and recorded in Deed Book 6306 and Page 99 in the office of the Clerk of the Superior Court of HENRY County, Georgia.
IN WITNESS WHEREOF, the undersigned has hereunto set its hand this 01st day of June in the year 2020.
CITIMORTGAGE, INC.

By: _____
SUSAN HICKS
VICE PRESIDENT

By: _____
ERCILIA GREEN
VICE PRESIDENT

All persons whose signatures appear above have qualified authority to sign and have reviewed this document and supporting documentation prior to signing.

Signed, sealed and delivered in the presence of the below named witness:

_____
JUSTICE YOAKAM
WITNESS

STATE OF FLORIDA    COUNTY OF PINELLAS
Sworn to (or affirmed) and subscribed before me by means of [X] physical presence or [ ] online notarization on this 01st day of June in the year 2020, by Susan Hicks and Ercilia Green as VICE PRESIDENT and VICE PRESIDENT, respectively of CITIMORTGAGE, INC., who is (are) personally known by me.

_____
CLAIRE COX
COMM EXPIRES: 03/28/2023

CLAIRE COX
Notary Public - State of Florida
Commission # GG 317532
My Comm. Expires Mar 28, 2023
Bonded through National Notary Assn.

Document Prepared By: Dave LaRose/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
CMOAV 23547343 2020WL-006   DOCR T012005-03:23:13 [C-1] EFRMGA1_CITI

*D0051436737*

# EXHIBIT C

Ricky Franklin
708 Brambling Way
Stockbridge, GA 30281

TO:  Carrington Mortgages Services, LLC                    05 May 2020
Attn: Customer Service
PO Box 5001,
Westfield, IN 46074

Re: **My Qualified Written Request for inspection of**
    **MY WET INK ORGINAL PROMISSORY NOTE**
    Name:                Ricky R. Franklin
    Property Address:     708 Brambling Way
    Loan Number:       **7000266986**

Dear Carrington Mortgage Services, LLC

I am the owner of certain real property located at the above address which is security for a loan made by Homestar Mortgage to me.  I am doing a verification of claim on my loan as I am entitled to by law.

I am prepared to resume payment of this Promissory Note.  Before continuing with my payments with you, I need to be certain that you are the RIGHTFUL Holder of Due Course of my Promissory Note and that no other party my come back to me at a later time to lay claim against my property.

I respectfully request to visually inspect **MY ORGINAL WET INK SIGNATURE PROMISSORY NOTE.**

Failure to respond to this letter will be taken as an administrative default as per the Administrative Procedures Act of 1946.  Further, failure to product such documents may be in violation of Federal Debt Collection Protection Act (FDCPA) and Real Estate Settlement Procedures Act (RESPA).

Failure to produce the **ORIGINAL WET INK SIGNATURE PROMISSORY NOTE** will be taken as an administrative default.

**Please be advised that A Copy of said Note nor Affidavit of Loss or any other forms will not be acceptable**.

Please contact me in writing to arrange for an appropriate point of inspection in **Stockbridge, Henry County, Georgia.**

Regards
Ricky Franklin

# EXHIBIT D

glossary   logout   contact   [ *search* ]   🔍

Georgia Superior Court Clerks' Cooperative Authority

FILE      SEARCH      LEARN      MANAGE      FINES & FEES      CLERKS      NOTARY & APOSTILLES

Carbon Registry Index ▼   Lien Index ▼   Notary Index ▼   Plat Index ▼   PT-61 Index ▼   Real Estate Index ▼   UCC Index ▼

# SEARCH  Real Estate Index > Name Search

[ Fullscreen View ]   [ Back ]

Name Selected: **FRANKLIN, RICKY R**

Searched:        **All Parties in HENRY County for All Instruments**

County good from 1/1/1990 through 12/13/2020 11:59:00 PM

Query Made:    **12/17/2020 3:11:57 PM**

| County | Instrument Type | Date Filed | Time | Book | Page |
|--------|-----------------|------------|------|------|------|
| HENRY | ASSIGNMENT | 6/2/2020 | 8:00 AM | 17207 | 275 |

Description not warranted

| Sec/GMD | District | Land Lot | Subdivision | Unit | Block | Lot | Comment |
|---------|----------|----------|-------------|------|-------|-----|---------|

**Grantor**
CITIMORTGAGE INC
FRANKLIN, RICKY R

**Grantee**
STANWICH MORTGAGE LOAN TRUST H
WILMINGTON SAVINGS FUND SOCIETY FSB TRUSTEE

**Cross-Referenced Instruments**
DEED   SECURITY DEED   BOOK 6306, PAGE 99

This record was added to the statewide Deed database index on 6/6/2020 2:00:03 AM

[ View Image ]

If you choose the Java viewer, the first time you view an image you will be prompted to grant permission to download the Acordex Viewer Applet. (You can grant indefinite permission for the applet to be downloaded by checking the "Always trust content from Acordex Imaging Systems" checkbox before clicking "Yes".) If you choose the "No" button, the applet will not be downloaded and the image will not be displayed.

Click here for more help with viewing images.

# GSCCCA

Copyright © 1995 - 2020
Georgia Superior Court Clerks' Cooperative Authority

Search Disclaimer      Terms of Use      Sitemap      Glossary      Logout      Contact Us