# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARRINGTON MORTGAGE ) <br> SERVICES, LLC; WILMINGTON ) <br> SAVINGS FUND SOCIETY, FSB AS ) <br> TRUSTEE OF STANWICH ) <br> MORTGAGE LOAN TRUST H, ) <br> ) <br> Defendants. ) <br> _____ ) | CIVIL ACTION NO. <br><br> 1:20-cv-4661-SDG |

### DEFENDANTS CARRINGTON MORTGAGE SERVICES' AND WILMINGTON SAVINGS FUND SOCIETY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H ("Defendants"), by and through undersigned counsel, file this response in opposition to Plaintiff Ricky Franklin's ("Plaintiff") Motion to Remand to State Court (Doc. No. 7), respectfully showing the Court as follows:

## I.     INTRODUCTION

Defendants properly removed this matter pursuant to 28 U.S.C. § 1332. As evidenced on the facts of Plaintiff's Complaint and Defendants' Notice of Removal,

the Parties are citizens of different states and the amount in controversy exceeds $75,000. This Court accordingly has diversity jurisdiction over this dispute. Plaintiff's argument that because his complaint does not contain a federal claim, the case cannot be removed, is unsupported by the law or the pleadings. Plaintiff's motion should accordingly be denied.

## II.   FACTS

Plaintiff filed his Complaint in the Superior Court of Henry County alleging he should be deemed the exclusive titleholder to the residential property located at 708 Brambling Way, Stockbridge, Georgia 30281 (the "Property.") Plaintiff is a resident of Georgia. *See* (Doc. No. 1-1 ("Complaint"), at ¶ 6). The Complaint identified two named-Defendants and five Doe Defendants. The two named-Defendants are business entities and are completely diverse from Plaintiff. (Doc. No. 1, ¶¶ 7–8).

As evidenced by the Security Deed at issue and referenced in Plaintiff's Complaint, Plaintiff borrowed $145,377.00 from Home Star Mortgage Services, LLC and the Note was secured by the Security Deed. *See* (Complaint, ¶ 15). Plaintiff believes that his status as exclusive title holder to the Property is premised on an 1821 Land Grant from Georgia Land Lotteries. (*Id.*, ¶ 12). Plaintiff seeks, in addition to other remedies, damages of $111,046 for "unjust fees and denial money to pursue

business ventures." *See* (*id.*, "Wherefore clause," paragraph h). The value of the relief sought by Plaintiff accordingly exceeds $75,000.

On November 16, 2020, because the parties are diverse and because the amount in controversy in this litigation exceeded $75,000.00, Defendants removed this case from the Superior Court of Henry County, Georgia to this Court. (Doc. No. 1). Pursuant to this Court's Order dated November 23, 2020 (Doc. No. 4), Defendants timely filed a Motion to Dismiss Plaintiff's Complaint on December 14, 2020. (Doc. No. 6). Plaintiff filed his Motion to Remand the case back to state court on December 21, 2020. (Doc. No. 7). Plaintiff's only argument in support of remand is that his Complaint has no federal claim, "nor does proof of any element of Plaintiff's case depend on federal law." *See* (*id.* at p. 2).[1]

### III.   ARGUMENT

**A.   Removal Was Proper Because There is Complete Diversity of Citizenship and the Amount in Controversy Exceeds the Jurisdictional Amount.**

A defendant may remove from state court to federal court any civil action "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). On a motion to remand, the proponent of federal jurisdiction has the

---

[1] Carrington previously moved for an extension of time to respond to Plaintiff's Motion to Remand through and including January 18, 2021, (Doc. No. 8), which was granted by Magistrate Judge Walter E. Johnson. (Doc. No. 9).

burden of establishing original jurisdiction for the removal. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). Removal is allowed "where original jurisdiction exists at the time of removal." *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (internal quotes and citation omitted). "[Federal] courts ... have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). To determine whether those requirements are met, the Court considers the Complaint and the Notice of Removal. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007). In this case, the Complaint and the Notice "unambiguously establish federal jurisdiction." *See id.*

**1.     The parties to this action have diversity of citizenship.**

Carrington Mortgage Services, LLC is a Delaware limited liability company with its principal place of business in Anaheim, California. (Complaint, ¶ 7). For purposes of 28 U.S.C. §§ 1332 and 1441, "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). Carrington Mortgage Services, LLC's members are Carrington Holding Company, LLC and Carrington Investment Partners, L.P. (Complaint, ¶ 8); *see also* (Entity Detail for Carrington Mortgage Services, LLC from the Delaware Department of

State, Division of Corporations website attached hereto as **Exhibit "A"**).[2] Carrington Holding Company, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose sole member is The Carrington Companies, LLC. *See* (Doc. No. 1, ¶ 8); *see also* (Entity Detail for Carrington Holding Company, LLC from the Delaware Department of State, Division of Corporations website attached hereto as **Exhibit "B"**). Carrington Investment Partners, L.P. is a Delaware limited partnership with its principal place of business in Greenwich, Connecticut, whose general partner is Carrington Capital Management, LLC. *See* (Doc. No. 1, ¶ 8); *see also* (Entity Detail for Carrington Investment Partners, L.P. from the Delaware Department of State, Division of Corporations website attached hereto as **Exhibit "C"**). Carrington Capital Management, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut, whose members are Carrington Holding Company, LLC and a private individual. *See* (Doc. No. 1, ¶ 9); *see also* (Entity Detail for Carrington Capital Management LLC from the Delaware Department of State, Division of Corporations website attached hereto as **Exhibit "D"**). The private individual is not a citizen of the State of Georgia. (Doc. No. 1, ¶ 9). The Carrington

---

[2] The Court may take judicial notice of information contained on an official governmental agency website. *See Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275 (N.D. Fla. 2017).

Companies, LLC is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut. The Carrington Companies, LLC's members are two private individuals who are not citizens of the State of Georgia. *See* (Doc. No. 1, ¶ 9); *see also* (Entity Detail for The Carrington Companies, LLC from the Delaware Department of State, Division of Corporations website attached hereto as **Exhibit "E"**).

Wilmington Savings Fund Society, FSB is a federally chartered savings association with its main office in Delaware. *See* (Doc. No. 1, ¶ 10); *see also* (Entity Detail for Wilmington Savings Fund Society, FSB from the Delaware Department of State, Division of Corporations website attached hereto as **Exhibit "F"**); *cf.* 28 U.S.C. §1348; 12 U.S.C. §1464(x); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709-715 (9th Cir. 2014) (holding that for diversity purposes a national bank is a citizen of the state designated as its main office in its articles of association). Therefore, Wilmington is deemed a citizen of the State of Delaware for the purposes of diversity citizenship jurisdiction.

Accordingly, the parties to this action are diverse for jurisdictional purposes.[3]

---

[3] Plaintiff also includes five "Doe Defendants" in his Complaint. Pursuant to 28 U.S.C. § 1441(a), "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." (emphasis added); *see also Kelly v. Dolgen Corp., Inc.*, 972 F. Supp. 1470 (M.D. Ga. 1997) (plaintiff's contention that an unknown defendant who was likely to be a resident of Georgia

### 2. The amount in controversy requirement is satisfied because Plaintiff seeks an amount in excess of $75,000.

Plaintiff states in his Complaint that he seeks remedies and damages in an amount that clearly exceed the $75,000.00 jurisdictional requirement. "[I]t is well established that the amount in controversy is measured by the value of the object of the litigation." *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997) (*citing Hunt v. Washington State Apple Adver. Commc'n,* 432 U.S. 333, 345 (1977)). The value must be measured from the plaintiff's perspective. *Id.*

Here, Plaintiff clearly seeks damages of $111,046 for "unjust fees and denial money to pursue business ventures" pursuant to the Complaint's "Wherefore Clause." *See* (Complaint, "Wherefore clause," paragraph h.). Accordingly, Plaintiff's complaint seeks an amount in excess of $75,000 and the statutory requirement for diversity jurisdiction is satisfied.

### IV. CONCLUSION

Plaintiff argues that this Court does not have jurisdiction to entertain this case because the complaint lists only state law claims. This action was properly removed on diversity grounds and whether the claims are based on state law or federal law is

---

did not defeat removal). As such, the inclusion of these unnamed defendants in Plaintiff's Complaint does not affect diversity for purposes of federal jurisdiction.

not relevant to the issue of removal. Defendant's removal of this case was proper. This Court has original jurisdiction over this action because there is complete diversity between the Parties and the amount in controversy exceeds $75,000.00. Defendants met the removal requirements and Plaintiff's Motion to Remand should be denied.

WHEREFORE, Defendants respectfully request this Court deny Plaintiff's Motion to Remand and award any other such relief this Court deems just and proper.

Respectfully submitted this 12th day of January, 2021.

        **HOLLAND & KNIGHT LLP**

        */s/ Grant Edward Lavelle Schnell*
        Grant Edward Lavelle Schnell
        Georgia Bar No. 106794
        Regions Plaza, Suite 1800
        1180 West Peachtree Street, N.W.
        Atlanta, Georgia 30309
        Phone: (404) 817-8558
        Fax: (404) 881-0470
        E-Mail: grant.schnell@hklaw.com

        *Attorney for Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H*

## **LR 7.1(D) FONT COMPLIANCE CERTIFICATION**

The undersigned counsel hereby certifies that the within and foregoing document was prepared using Times New Roman 14-point font in accordance with Local Rule 5.1 of the United States District Court for the Northern District of Georgia.

This 12th day of January, 2021.

                                        **HOLLAND & KNIGHT LLP**

                                        */s/ Grant Edward Lavelle Schnell*
                                        Grant Edward Lavelle Schnell
                                        Georgia Bar No. 106794

                                        *Attorney for Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H*

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true and correct copy of the **DEFENDANTS CARRINGTON MORTGAGE SERVICES, LLC AND WILMINGTON SAVINGS FUND SOCIETY FSB'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND** has been filed via the Court's CM/ECF electronic service and served via United States First Class Mail and electronic mail on the following parties:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com

This 12th day of January, 2021.

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794

*Attorney for Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H*