FILED IN CHAMBERS
U.S.D.C. ROME

Date: Jan 15 2021
JAMES N. HATTEN, Clerk

By: s/Kari Butler

Deputy Clerk

RICKY R. FRANKLIN,

     Plaintiff pro se,

  v.

CARRINGTON MORTGAGE
SERVICES, LLC; WILMINGTON
SAVINGS FUND SOCIETY, FSB *as
trustee for* STANWICH MORTGAGE
LOAN TRUST H,

     Defendants.

CIVIL ACTION FILE

NO. 1:20-CV-04661-SDG-WEJ

## FINAL REPORT AND RECOMMENDATION

Plaintiff pro se, Ricky R. Franklin, filed this action against defendants, Carrington Mortgage Services, LLC ("Carrington") and Wilmington Savings Fund Society, FSB as Trustee for Stanwich Mortgage Loan Trust H ("Wilmington"), in connection with real property located at 708 Brambling Way, Stockbridge, Georgia 30281 (the "Property"). Defendants filed a Motion to Dismiss [6] under Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim upon which relief can be granted. For the reasons set forth below, the undersigned **REPORTS** that the Complaint fails to state a cognizable claim for relief.

Accordingly, the undersigned **RECOMMENDS** that defendants' Motion to Dismiss [6] be **GRANTED**.

## I.     MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint, or portions thereof, for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the Court must take the allegations of the complaint as true and must construe those allegations in the light most favorable to the plaintiff. Rivell v. Private Health Care Sys., Inc., 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam).

Although a court is required to accept well-pleaded facts as true when evaluating a motion to dismiss, it is not required to accept the plaintiff's legal conclusions. Chandler v. Sec'y of Fla. Dep't of Transp., 695 F.3d 1194, 1199 (11th Cir. 2012) (per curiam) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). When evaluating the sufficiency of a plaintiff's complaint, the court makes reasonable inferences in favor of the plaintiff but is not required to draw the plaintiff's inference. Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005) (per curiam). Similarly, the Court does not accept as true "unwarranted deductions of facts or legal conclusions masquerading as facts."

Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006) (internal quotation marks and citation omitted).

Finally, the Court may dismiss a complaint if it does not plead "enough facts to state a claim to relief that is plausible on its face." Chandler, 695 F.3d at 1199 (internal quotation marks and citation omitted). In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Supreme Court observed that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. Although factual allegations in a complaint need not be detailed, those allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. (citations and footnote omitted). Moreover, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The mere possibility that the defendant might have acted unlawfully is not sufficient to allow a claim to survive a motion to dismiss. Id. Instead, the well-pleaded allegations of the complaint

must move the claim "across the line from conceivable to plausible." <u>Twombly</u>,

550 U.S. at 570.[1]

## II.  RELEVANT ALLEGATIONS

Upon application of the above standards to the Complaint, the Court cannot

rely upon it in any great measure given that it is full of legal conclusions,

unwarranted inferences, and irrelevant allegations.[2]  Thus, the Court draws the

following relevant facts primarily from defendants' Motion to Dismiss, which is

supported by undisputed documentation.

---

[1] Generally, a <u>pro se</u> plaintiff should be given at least one chance to amend the complaint before his action is dismissed without prejudice. <u>See Bank v. Pitt</u>, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), <u>overruled in part on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.</u>, 314 F.3d 541, 542 (11th Cir. 2002) (en banc).  Despite this general principle, "a district court need not allow any amendment where amendment would be futile." <u>Lee v. Alachua Cty., Fla.</u>, 461 F. App'x 859, 860 (11th Cir. 2012) (per curiam).  Given the discussion <u>infra</u>, it is clear that plaintiff could not amend to correct the deficiencies in the Complaint.

[2] One judge has called plaintiff <u>pro se</u> a serial litigator. <u>See Franklin v. Upland Software, Inc.</u>, 1-18-CV-00236-LY, 2019 WL 433650, at *2 (W.D. Tex. Feb. 1, 2019) ("Franklin appears to be a serial litigator . . . .").  Plaintiff <u>pro se</u> has another matter pending against Carrington before this Court. <u>See Franklin v. Cenlar FSB & Carrington Mortg. Servs., LLC</u>, 1:20-CV-1410-MLB-WEJ (N.D. Ga.).  On November 16, 2020, the undersigned recommended that plaintiff <u>pro se</u>'s claims against Carrington in that action be dismissed. (<u>See</u> R&R of Nov. 16, 2020 [48].)

A fair reading of the Complaint reveals that plaintiff is alleging that he should be deemed the exclusive titleholder to the Property. Plaintiff believes that his status as exclusive title holder to the Property is premised on an 1821 Land Grant from Georgia Land Lotteries. (See Compl. ¶ 12.) The document from 1821 that plaintiff attaches to the Complaint as Exhibit A ([1-1], at 29), which he claims to be the subject Land Grant, is illegible. Plaintiff acknowledge that on or about July 21, 2003, he purchased the Property and executed a Promissory Note and Security Deed payable to Home Star Mortgage Services, LLC (the "Loan"). (Compl. ¶ 15.)[3] In light of plaintiff's July 21, 2003, property purchase, the Court agrees with defendants that it defies logic that a Land Grant from 1821 would provide him with title to the Property.

Plaintiff devotes over three pages of the Complaint to the argument that the securitization of the Loan prevents defendants from being considered a proper "holder" or "holder in due course" and, as a result, Wilmington and/or Carrington

---

[3] A copy of the Promissory Note dated July 21, 2003 between Home Star Mortgage Services, LLC and plaintiff, endorsed in blank, is filed as Exhibit 2 [6-2] to defendants' Motion. A copy of the Security Deed executed by plaintiff and recorded with the Henry County Clerk of Superior Court on August 28, 2003 is attached to the Motion as Exhibit 3 [6-3]. Plaintiff does not allege that the Promissory Note has been paid in full and the Security Deed satisfied.

"does not have standing to move forward with the collection of the debt." (Compl. ¶ 24.)[4] Plaintiff argued that no sums should be due to defendants under the Promissory Note since they are not the true holders or holders in due course. (Id. ¶ 29.)

Plaintiff acknowledges that he was provided notice on April 1, 2019 that CitiMortgage, Inc. had transferred the servicing of his Loan. (Compl. ¶ 31.) He then admits to receiving notice on April 1, 2020 that the servicing of his loan was then being transferred to Carrington. (Id. ¶ 32.) Plaintiff further alleges that on May 5, 2020, he sent a letter to Carrington demanding presentment of the original Promissory Note and Deed of Trust. (Id. ¶ 33.) In June 2020, an Assignment of the Security Deed was recorded in the public records of Henry County, Georgia and plaintiff appears to argue that he should have been provided prior notice of the recording. (Id. ¶ 34.) Plaintiff then states, "[M]eanwhile, Defendants … continue to send demand for payments every month that includes [sic] unauthorized charges to Plaintiff with fees, interest, and gross overcharges for escrow." (Id. ¶ 35.)[5]

---

[4] Plaintiff makes this same argument in his other pending suit, see supra note 2, which the undersigned has rejected.

[5] Plaintiff makes this same argument in his other pending suit, see supra note 2, which the undersigned has rejected.

The Complaint asserts three claims against defendants: (1) Quiet Title (Count I); (2) Slander of Title (Count II); and (3) Declaratory Relief (Count III). As discussed below, all three Counts should be dismissed with prejudice.

## III. ANALYSIS

### A. Plaintiff Fails to State a Claim to Quiet Title (Count I)

O.C.G.A § 23-3-62 outlines requirements of a petition to quiet title against all the world under O.C.G.A. § 23-3-60 et seq. A petition that, on its face, appears to be in noncompliance with O.C.G.A. § 23-3-62 is subject to dismissal because, "[i]n that case, '[n]o evidence which might be introduced within the framework of the complaint could sustain a grant of the relief sought.'" GHG, Inc. v. Bryan, 566 S.E.2d 662, 662-63 (Ga. 2002) (quoting In re Rivermist Homeowners Ass'n, 260 S.E.2d 897, 900 (Ga. 1979)). A petition must contain, among other things, a "specification of the petitioner's interest in the land[.]" O.C.G.A. § 23-3-62(b). The petitioner also "must assert that he *holds* some current record title or current prescriptive title, in order to maintain his suit." Smith v. Ga. Kaolin Co., 498 S.E.2d 266, 267-68 (Ga. 1998) (internal quotation marks and citation omitted). The "plaintiff's right to recovery or relief depends upon the strength of his own title to the realty involved, not the weakness of his opponents' evidence." Id. at 267 (internal quotations marks, punctuation, and citation omitted).

Documents and information referenced in the Complaint show that plaintiff purchased residential property located at 708 Brambling Way, Stockbridge, Georgia on or about July 21, 2003. (Compl. ¶ 15.) Plaintiff acknowledges that on that date, he "executed a Promissory Note and Security Deed payable to lender Homestar Mortgage Services." (Id.) He also recognizes the recorded Assignment of Security Deed recorded in the public records of Henry County, Georgia filed by defendants. (Id. ¶ 34.) He ultimately claims that his title to the Property is established by an illegible 1821 Land Grant from Georgia Land Lotteries which he attaches as Exhibit A to the Complaint.

### 1.     The 1821 Land Grant is Irrelevant

Plaintiff hinges his alleged right to exclusive title to the Property on an 1821 Land Grant from Georgia Land Lotteries which he himself recorded with the Henry County Clerk of Superior Court on or about May 28, 2014. (Compl. ¶ 12.) As already noted, the document which purports to be the subject Land Grant is illegible and as such, cannot form a basis for plaintiff's legal title. Moreover, and most importantly, it defies logic that a Land Grant from 1821 could convey title to plaintiff, particularly if he alleges that he purchased the Property 182 years later in 2003. (Id. ¶ 15.) As such, the 1821 Land Grant cannot suffice, on its face, as proof of plaintiff's exclusive title to the Property.

8

## 2.     Plaintiff Has Not Satisfied the Security Deed

Aside from plaintiff's faulty position regarding the 1821 Land Grant, a grantor of a deed to secure debt who has not paid the debt has no legal title to the property at issue. See McCarter v. Bankers Trust Co., 543 S.E.2d 755, 757-58 (Ga. App. 2000); see also Patel v. J. P. Morgan Chase Bank, N. A., 757 S.E.2d 460, 462 (Ga. App. 2014) ("A deed to secure debt passes legal title to the lender when the deed to secure debt is created, and the owner has a mere equity of redemption and right of possession of the realty until the secured debt has been satisfied in full.") (internal quotation marks and citation omitted). A person whose property is subject to a deed to secure debt cannot prevail in a quiet title action unless he has satisfied the debt. See Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 583 S.E.2d 844, 850 (Ga. 2003).

Plaintiff did not and cannot assert that he has satisfied the debt on the Property memorialized by the Deed to Secure Debt (attached to defendants' Motion as Exhibit 3 [6-3]). Instead, plaintiff merely and summarily asserts that he has legal title to the property by virtue of a Land Grant from 1821, a document which, as discussed above, is of no legal significance. Because the Complaint does not comply with the requirements of O.C.G.A. § 23-3-62, it fails to state a claim for quiet title for which relief can be granted. See Bank of Am., N.A. v. Johnson, 792

S.E.2d 704, 706 (Ga. 2016) (trial court properly granted motion to dismiss petition for quiet title where petitioner never alleged that security deed on property had been relinquished back to him or otherwise cancelled, and he admitted he had not satisfied the debt).[6]

### B. Plaintiff Fails to State a Slander of Title Claim (Count II)

Under Georgia law, "[t]he owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." O.C.G.A. § 51-9-11. Slander of title requires that the plaintiff prove: "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." Latson v. Boaz, 598 S.E.2d 485, 487 (Ga. 2004) (internal quotation marks and citation omitted).

Plaintiff's allegations are not supported by any specific facts beyond the blanket claim that the Assignment of Security Deed recorded in the public records

---

[6] Plaintiff can neither contest the validity of the assignments of the Security Deed, see Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1251 (11th Cir. 2015), nor argue about its securitization, see Jorgensen v. Fed. Home Loan Mortg. Corp., No. 2:12-CV-00236-RWS, 2013 WL 5200598, at *3 (N.D. Ga. Sept 13, 2013).

of Henry County, Georgia is a publication of slanderous words. (See Compl. ¶ 44.) Plaintiff has not provided any factual allegations supporting the claim that the Assignment of Security Deed contains false information thereby resulting in slandered title. As discussed supra note 6, plaintiff's arguments that defendants' lien on the Property was invalidated during the securitization process are nothing more than legal conclusions. As a result, plaintiff's slander of title claim must fail.

## C. Plaintiff fails to State a Claim for Declaratory Judgment

Plaintiff seeks declaratory judgment that defendants have no legal or equitable rights in the Note and Security Deed for the purposes of enforcing the Note. (Compl. ¶ 47.)

> A declaratory judgment is authorized when there are circumstances showing a necessity for a determination of the dispute to guide and protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct, which is properly incident to his alleged rights and which if taken without direction might reasonably jeopardize his interest.

Sparra v. Deutsche Bank Nat'l Trust Co., 785 S.E.2d 78, 83 (Ga. App. 2016) (internal quotation marks and citation omitted). "[W]here the party seeking declaratory judgment does not show it is in a position of uncertainty as to an alleged right, dismissal of the declaratory judgment action is proper[.]" Walker v. Owens, 783 S.E.2d 114, 117 (Ga. 2016) (citation omitted).

Plaintiff's allegations and documents attached to the Complaint, along with the documents attached to defendants' Motion, make clear that Mr. Franklin is not entitled to the declaration he seeks. In the Complaint, plaintiff alleges that he executed a Security Deed upon purchasing the Property and an Assignment of that Security Deed to defendants was recorded in the public records of Henry County. The Security Deed, Promissory Note, and Assignments of Security Deed attached to defendants' Motion as Exhibits 2 [6-2], 3 [6-3], 4 [6-4], and 5 [6-5] all show that defendants have a security interest in the Property. Plaintiff also does not dispute that he executed a Promissory Note and Security Deed at the time of purchasing the Property in 2003. Plaintiff asserts only legal conclusions and has not shown that he is in a position of uncertainty as to an alleged right. As such, Count III should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendants' Motion to Dismiss [6] be **GRANTED** and this case **DISMISSED WITH PREJUDICE** because it does not appear that plaintiff could re-plead the Complaint to state viable causes of action.

The Clerk is **DIRECTED** to terminate the reference to the Magistrate Judge.

12

**SO RECOMMENDED**, this 15th day of January, 2021.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE