FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 2 8 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY R. FRANKLIN | § | Civil Action No:1:20-cv-4661-SDG |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | |
| CARRINGTON MORTGAGE | § | |
| SERVICES, LLC | § | |
| and | § | |
| | § | |
| WILMINGTON SAVINGS FUND | § | |
| SOCIETY, FSB AS TRUSTEE OF | § | |
| STANWICH MORTGAGE LOAN | § | |
| TRUST H | § | |
| and | § | |
| JOHN DOE CORPORATION | § | |
| 1 TROUGH 5 | § | |
| all who true names are unknown | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S JUDGE REPORT AND ORDER (DKT#16, 17)WITH SUPPORTING MEMORANDUM OF LAW

Under 28 U.S.C.  §  636(b)(1)(C) and L.R. 72.1 Plaintiff, Ricky R. Franklin,

respectfully submit these objections to the Magistrates Non-Final Report and

Recommendation (the "R&R") [16,17] filed January 15th, 2021.  The Magistrate

Judge blindly adopted the Defendants arguments and did not view the Plaintiffs

arguments at all.  Moreover, on a motion to dismiss, the Courts duty is to view the

facts in light most favorable to the Plaintiff.  The Magistrate Judge erred on

numerous applications of laws that regulate this case.  Plaintiff objects for the

following reasons:

- An attempt to set aside a Land Grant/Patent is a violation of Supremacy Law

- Quiet title against the world is not dismissible in a motion to dismiss

- The Magistrate acting as Special Master must weigh all the evidence in Quiet Title actions

- Public recording of an assignment constitutes slander of title against Plaintiffs title

- No tender is required under the security deed

## I.  INTRODUCTION

A petition of "Quiet Title" is subject to dismissal **only** when on the face of the

pleadings it appears that it is in noncompliance with OCGA §  23-3-60 et seq.

*GHG, INC. et al. v. BRYAN* et al. No.  S02A0630 (Ga. 2002)  Additionally, this

Court lacks subject matter jurisdiction over the case because Georgia law gives the

Superior Court in each county exclusive jurisdiction in matters relating to land.

Ga. Const.1983, Art. VI, Sec. 4, ¶ I. (A quiet title action is an equitable action over

which the superior courts have exclusive jurisdiction) Black's Law define

exclusive jurisdiction as "When a court or entity has sole and exclusive authority

or power over something" *Black's Law 2nd Edition*. As explained in more detail

below, Plaintiffs respectfully objects to the Magistrates R &R and it should not be

adopted by the District Court.

## II. ARGUMENT

## A. The Magistrates Ruling On Land Grants Goes Against Supremacy Law

The Magistrates has ruled against the laws of the land by stating that Plaintiff's

Land Grant is irrelevant. (R&R at 8) For over 200 years, the US Supreme Court

has ruled that Land grants or patents are the highest evidence of title known to a

court of law. *Hooper et al v. Scheimer* 64 U.S. S. 236 (1859) Land Grant and

Patents are synonymous. Citing....*Northern Pacific Railroad Co. v. Bardern* 46 F.

592, 617 (1891) A patent/grant for land is the highest evidence of title and is

conclusive as against the government and all claiming under junior patents or titles

(*United States v. Stone*, 2 US 525)." "The land patent is the highest evidence of

title and is immune from collateral attack" [*Raestle v. Whitson*, 582p. 2d 170,172

(1978)] "that the patent carries the fee and is the best title known to a court of law

is settled doctrine of this court," [*Marshall v. Ladd*, 7 Wall. (74 U.S.) 106 (1869)] a

patent is the highest evidence of title, and is conclusive against the government and

all claiming under junior titles, until it is set aside or annulled by some judicial tribunal." [*Stone v. United States,* 1 Well. (67 U.S. 765 (1865)] "the patent is the instrument which, under the laws of congress, passes title from the United States and the patent when regular on its ,face, is conclusive evidence of title in the patentee, when there is a confrontation between two parties as to the superior legal title, the patent is conclusive evidence as to ownership." [*Gibson v. Chauteau,* 13 Wall 92 (1871)] "the patent is prima facie conclusive evidence of the title." [*Marsh v. Brooks,* 49 U.S. 223,233 (1850)] "a patent, once issued, is the highest evidence of title, and is final determination of the existence of all facts," [*Walton v. United States,* 415 f2d 121,123 (10th cir. (1969)]

As recent as 2014, the U.S. Supreme Court ruled on a Land grant/patent was in 2014, and the Chief Justice of the Supreme Court delivered the opinion of the Court and opinioned:

(A land patent is an official document reflecting a grant by a sovereign that is made public, or "patent.") The patent conveyed to the Brandts fee simple title to the land "with all the rights, privileges, immunities, and appurtenances, of whatsoever nature, thereunto belonging, unto said claimants, their successors and assigns, forever." *Marvin M. Brandt Revocable Trust v. United States* 572 U.S. (2014) ¶ 5

Further, the Magistrates states that Plaintiffs Land Grant is illegible.  This is irrelevant because the deed from 1821 was authenticated from the Archives of Georgia and issued to Plaintiff in 2014 and states:

4

# STATE OF GEORGIA



| The Georgia Archives, University System of Georgia |
| --- |

*I, Christopher M. Davidson, J.D., Director of The Georgia Archives, do hereby certify that the one page document hereto attached and made part of this certificate is a true and correct copy of page 113 of 1821 Land Lottery Henry County Register of Grants, showing Henry County, District 6, Land Lot 12, and I further certify that the described grant book is on file and of official record in the Archives of the State of Georgia.*

*IN TESTIMONY WHEREOF, I have set my hand and affixed the Official Seal of the State of Georgia this twenty-ninth day of April, 2014*

*Director, The Georgia Archives*



The Plaintiffs Fee-simple title was obtained by way of Plaintiff as Assignee to a said portion of the Land Grant. Plaintiffs grant has been made public in the Henry

County Superior Court since May 29, 2014...with a book and page number of (BK 13587, PG 216-227) (Exhibit A) Unless this grant was obtained illegally, it is not to be avoided.  This Grant is unimpeachable at law, except when it appears on its face to be void.  Once perfect on its face, it is not to be avoided in a trial at law by anything other than an older Grant.  *Id* at 240 Because Magistrates R &R ruling goes against 200 years of rulings on Land Grants, it should not be adopted by the District Court.

## B.  Quiet Titles In Georgia Cannot Be Dismissed

The Georgia Supreme Court has well established that that A petition of "Quiet Title" is subject to dismissal **only** when on the face of the pleadings it appears that it is in noncompliance with OCGA § 23-3-60 et seq.  *GHG, INC. et al. v. BRYAN* et al. No.  S02A0630 (Ga. 2002)  Quiet title actions may not be dismissed for failure to state a claim if they meet the minimum pleading standards under O.C.G.A. § 9-11-12(b)(6).  *Johnson v. Bank of Am., N.A.,* 333 Ga. App. 539, 541 (2015) The petitioner must file with the petition: (1) a plat of survey of the land; (2) a copy of the immediate instrument(s), if any, upon which petitioner's interest in the land is based; and (3) a copy of the immediate instrument(s), if any, upon which any person might base an interest in the land adverse to the petitioner. O.C.G.A. § 23-3-62(c)  Plaintiff met this standard by filing all of the above mentioned items with the Superior Court of Henry County in May 2014.

Under the Georgia Quiet Title Act, [a]ny person who claims an interest in land may bring a proceeding to establish title to land, determine all adverse claims, or to remove clouds on his title.  See…*Smith v. Ga Kaolin Co.*, 264 Ga. 755, 756 (2) (449 SE2d 85) (1994)  In *Johnson v Bank Of America* ( July 14, 2015,Civ. Action No. A15A0688, Ga Ct App, p5)  the Georgia Court of Appeals ruled (A Plaintiff in a quiet title action need not be a party to possible clouds in order bring a quiet title action in an attempt to remove those clouds)  In Johnson, the Court further stated…that although Johnson was not a party to the assignments that he challenges does not destroy his standing to assert that those assignments are clouds upon his title.  Similar to Johnson, Plaintiff is asserting that the assignment filed in the superior court in June of 2020 is a cloud upon Plaintiffs Land Grant that has been on public record since May 2014. The District Court should not adopt the Magistrates Order because a cloud exist on Plaintiffs title.

## C.  The Magistrate Order Fails To Weigh All The Evidence

The Magistrate failed to weigh all the evidence in Plaintiffs Quiet Title action. Georgia law requires that a Special Master **must** examine the petition, plat, and all documents filed therewith and may require other evidence to be filed, including, but not limited to, an abstract of title. Where the special master conducted a hearing at which the parties presented argument and evidence, including affidavits, plats, and pictures of the property in question, the special master has met the

requirements of O.C.G.A. § 23-3-64 in making his decision. See also *Meadows v. Baker,* 241 Ga. App. 753, 754 (1999) ("The special master in a quiet title action has the right to require the parties to file pertinent evidence."). Because the Magistrate has not followed Georgia law, the R & R should not be adopted.

## D.  The Assignment Made Public Is Slander Against Plaintiffs Title

The recording of this void assignment brings slander on the Plaintiffs fee simple title. (Exhibit B) The elements of a slander of title claim require a plaintiff to present evidence that a defendant recorded a document in the public deed records. *Giles v. Swimmer,* Case No. S11A1371, (Ga., March 5, 2012), The Georgia Supreme Court has also recently ruled that a Plaintiff does have standing to challenge the validity of an assignment, if a person can show injury.  See...*Ames et al v. JP Morgan Chase,* S15G1007, March 7, 2016, 298 Ga. 732 GA.  This assignment was issued from a entity that relinquished its rights in 2019 and the assignment that Defendant's introduce was issued in June of 2020 with no authority to do so.

## E. No Tender Is Required Under The Security Deed

Plaintiff is alleged in his complaint that neither Defendant holds Plaintiff's note, or security deed so no tender is required.  (Comp ¶ 29) A third party acting as a grantor, with no authority...filed an assignment into the public records of Henry

8

County on June 2nd 2020.  (Exhibit D)The note and the security deed are void, and Defendants have engaged in inequitable conduct that which would not require tender of any payments to Defendants.  (Comp ¶ 36) See... *Everson v. Franklin Discount Co.*, 285 S.E.2d 530, 533 (Ga. 1982) (If Plaintiff succeeds in proving that both Defendants is not the holder of the note then no tender would be required because no sum would be due to Defendants under the note); See also, *Sapp v. ABC Credit & Inv. Co.*, 253 S.E.2d 82, 87 (Ga. 1979); *Davis v. Atlanta Fin. Co.*, 129 S.E. 51, 52 (Ga. 1925) *Metro Atlanta Task Force for the Homeless, Inc. v. Ichthus Cmty. Trust,* 298 Ga. 221, 236, 780 S.E.2d 311, 324 (2015).  (tender is not an absolute rule, especially where it is alleged that a party procured the sale of the property through its own improper conduct).  Because no tender is due to either Defendant, the District Court should not adopt the Magistrate's R&R.

### III. CONCLUSION

For the foregoing reasons above, Plaintiffs respectfully requests that the District Court does not adopt the Magistrates R&R(Dkt 16, 17).

Respectfully submitted, January 28th, 2021

Ricky R. Franklin

708 Brambling Way
Stockbridge, GA 30281
678-650-3733
rrfrank12@hotmail.com

9

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was sent via mail

on January 28th, 2021to Defendant's Counsel listed below:

**HOLLAND & KNIGHT LLP**

**GRANT SCHNELL**

**1180 West Peachtree St, NW, Suite 1800**

**Atlanta, GA 30309**

**COUNSEL FOR DEFENDANTS CARRINGTON MORTGAGE SERVICES,**

**LLC AND WILMINGTON SAVINGS FUND SOCIETY, FSB**

Plaintiff, *Pro-Se*

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281