# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICKY R. FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION FILE NO. |
| v. | ) |
| | ) 1:20-CV-4661-SDG |
| CARRINGTON MORTGAGE | ) |
| SERVICES, LLC; | ) |
| WILMINGTON SAVINGS | ) |
| FUND SOCIETY, FSB AS | ) |
| TRUSTEE OF STANWICH | ) |
| MORTGAGE LOAN TRUST H, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DEFENDANTS CARRINGTON MORTGAGE AND WILMINGTON'S RESPONSE TO PLAINTIFF'S OBJECTION TO THE MAGISTRATE'S REPORT AND ORDER AND MEMORANDUM OF LAW IN SUPPORT

Defendants Carrington Mortgage Services, LLC ("Carrington") and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H ("Wilmington") (collectively, "Defendants") moved to dismiss Plaintiff Ricky R. Franklin's ("Plaintiff") Complaint (the "Complaint") (Doc. No. 1), pursuant to Federal Rule of Civil Procedure 12(b)(6), in its entirety for failure to state a claim against Defendants. *See* (Doc. No. 6). On January 15, 2021, the Honorable Magistrate Judge Walter E. Johnson issued a Final Report and

Recommendation, recommending that Defendants' Motion to Dismiss be granted ("Final Report") (Doc. No. 16). On January 28, 2021, Plaintiff filed his Objection (Doc. No. 19) to the Final Report (the "Objection"). Defendants now respectfully submit this Response to Plaintiff's Objection, and in support state as follows:

## ARGUMENT

In his Objection to the Final Report, Plaintiff once again reasserts his contentions set forth in his Complaint and again in his Opposition to Defendants' Motion to Dismiss. (Doc. No. 10). Plaintiff continues to declare himself exclusive titleholder to the property located at 708 Brambling Way, Stockbridge, Georgia 30281 (the "Property"), despite Wilmington's valid lien. The arguments set forth in Plaintiff's Objection to the Final Report do not provide any additional alleged grounds for his position, and the Magistrate's Final Report should be adopted in its entirety and Defendants' Motion to Dismiss should be granted.

### A. The 1821 Land Grant

Plaintiff's primary argument remains that an 1821 Land Grant gives him exclusive rights to the Property. Plaintiff still fails to explain how a document from 1821 provides him rights to the Property. He admits in the Complaint that he purchased the Property in 2003—182 years after the date of the subject Land Grant.

His allegation that the 1821 Land Grant gives him exclusive rights to the Property when he did not purchase it until 2003 simply defies logic.

The referenced 1821 Land Grant was a result of land redistribution efforts through the Georgia land lottery. Just for purposes of a brief background, the Georgia land lotteries were an early nineteenth century system of land redistribution in Georgia wherein white male citizens could register for a chance to win lots of land that had been previously possessed by the Creek Indians and the Cherokee Nation. *See* New Georgia Encyclopedia, "Land Lottery System" (last edited Sep. 28, 2020), *available at* https://www.georgiaencyclopedia.org/articles/history-archaeology/land-lottery-system (last visited Feb. 10, 2021).

Defendants here are not arguing that the 1821 Land Grant referenced by Plaintiff does not represent a valid transfer to someone years prior. Instead, Defendants argue that the Land Grant has no effect as to Plaintiff, who clearly concedes that he did not purchase the Property until 182 years after the date of the Land Grant. As a result, the 1821 Land Grant cannot suffice, on its face, as proof of Plaintiff's exclusive title to the Property.

**B.     Subject Matter Jurisdiction**

Plaintiff again attempts to revive his argument set forth in his Opposition to Motion to Remand, *see* (Doc. No. 7-1), that this Court lacks subject-matter

jurisdiction to rule in this case because "Georgia law gives the Superior Court in each county exclusive jurisdiction in matters relating to land." (Doc. No. 19, p. 2). First, this issue was addressed and fully briefed in Defendants' Opposition to Plaintiff's Motion to Remand. (Doc. No. 13). And Plaintiff failed to file anything in response to the Court's Order Denying the Motion to Remand. (Doc. No. 14). Nevertheless, as previously stated, the parties to this action are citizens of different states and the amount in controversy exceeds $75,000. Pursuant to 28 U.S.C. §1332(a)(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and it between—(1) citizens of different States." Plaintiff's argument that this court lacks subject-matter jurisdiction is misguided and, very simply, wrong.

### C. The Assignments

Plaintiff again attempts to persuade this Court that the Assignment of Security Deed from Mortgage Electronic Registration Systems, Inc., as nominee for Home Star Mortgage Services, LLC, to CitiMortgage, Inc., recorded with the Henry County Clerk of Superior Court on or about June 25, 2013, and the Assignment of Security Deed from CitiMortgage, Inc. to Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust H recorded with the Henry County

Clerk of Superior Court on or about June 2, 2020 (collectively, the "Assignments") constitute slander against his title. (*See id.*, p. 7).

As the Georgia Supreme Court has recognized, slander of title requires that the plaintiff prove "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." *Latson v. Boaz*, 278 Ga. 113, 114, 598 S.E.2d 485, 487 (2004). Plaintiff's allegations are not supported by any specific facts beyond the general claim that the Assignments are publications of slanderous words. *See* (Compl., ¶ 44). Without any factual allegations supporting the claim that the Assignments contain false information, the allegations are merely legal conclusions. Plaintiff's slander of title claim fails as a result.

**D.     Satisfaction of Security Deed**

Plaintiff does not have legal title to the property at issue because he has not paid the debt encumbering it. *See McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 131, 543 S.E.2d 755, 757-58 (2000). Plaintiff has not and cannot assert that he has

satisfied the debt on the property memorialized by the Deed to Secure Debt attached to Defendant's Motion to Dismiss as Exhibit 3. *See* (Doc. No. 6-3).

## CONCLUSION

WHEREFORE, Defendants Carrington Mortgage Services, LLC and Wilmington Savings Fund Society, FSB as Trustee of Stanwich Mortgage Loan Trust H, by and through undersigned counsel, respectfully request this Court adopt the Final Report and Recommendation issued on January 15, 2021 (Doc. No. 16) by Magistrate Judge Walter E. Johnson in its entirety, grant Defendants' Motion to Dismiss, dismiss Plaintiff's Complaint with prejudice and without leave to amend, and award any further relief the Court deems just and proper.

Respectfully submitted this 10th day of February, 2021.

**HOLLAND & KNIGHT LLP**

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794
Regions Plaza, Suite 1800
1180 West Peachtree Street
Atlanta, Georgia 30309
Phone: (404) 817-8500
Fax: (404) 881-0470
E-Mail: grant.schnell@hklaw.com

*Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing document was prepared using Times New Roman font, 14-point type, which is one of the font and print selections approved by the Court in L.R. 5.1(B).

This 10th day of February 2021.

                                         **HOLLAND & KNIGHT LLP**

                                         */s/ Grant Edward Lavelle Schnell*
                                         Grant Edward Lavelle Schnell
                                         Georgia Bar No. 106794

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically submitted the foregoing to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF system participants, and mailed a paper copy of same by United States Postal Service, first-class, postage prepaid, to parties and counsel of record who are non-CM/ECF participants, properly addressed upon:

Ricky R. Franklin
708 Brambling Way
Stockbridge, GA 30281
rrfrank12@hotmail.com

*Via U.S. and Electronic Mail*

Respectfully submitted this 10th day of February, 2021.

**HOLLAND & KNIGHT LLP**

*/s/ Grant Edward Lavelle Schnell*
Grant Edward Lavelle Schnell
Georgia Bar No. 106794